UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY and EDITH LITTLEFIELD SUNDBY; DALE SUNDBY and EDITH LITTLEFIELD SUNDBY, Trustees,<br><br>Plaintiffs,<br><br>v.<br><br>FIDELITY NATIONAL TITLE COMPANY; and DOES 1-X, inclusive,<br><br>Defendants. | Case No.: 23-cv-1239-GPC(AHG)<br><br>**ORDER ISSUING SUA SPONTE STAY OF PROCEEDINGS** |

Currently pending before the Court are Defendant Fidelity National Title Company's Motion to Dismiss Plaintiffs Dale Sundby's and Edith Littlefield Sundby's Complaint, ECF No. 29; Plaintiffs' Motion for Leave to File a First Amended Complaint, ECF No. 70; and Plaintiff Dale Sundby's Motion to Disqualify the Honorable Gonzalo P. Curiel, ECF No. 79.  The Court has also asked the parties to brief whether the proceedings should be stayed pending the outcome of an appeal to the Ninth Circuit Court of Appeals by Dale Sundby in related Case Nos. 19-cv-390 and 21-cv-2013.  *See* ECF Nos. 85 & 88.  The motions to dismiss and amend have been fully briefed, *see* ECF Nos. 37, 42, 75, & 81, but

1

the motion to disqualify and the issue of whether the proceedings should be stayed have not been fully briefed.

Upon closer inspection of the issues raised in the pending motions, the Court has concluded that staying the proceedings would be the best use of the Court's and the parties' time, effort, and resources. For the reasons explained below, the Court sua sponte stays the proceedings in the above-captioned matter pending the outcome of Dale Sundby's appeal to the Ninth Circuit, Case No. 23-55659. Any pending briefing deadlines and hearing dates are hereby VACATED, and the Court DENIES the motion to dismiss and motion to amend the complaint without prejudice to refiling once the Ninth Circuit issues its decision  When the stay is lifted, the Court will issue a new briefing schedule on Dale Sundby's motion to disqualify.

## I. BACKGROUND AND PROCEEDINGS

### A. Original Complaint

On November 1, 2022, Plaintiffs Dale Sundby and Edith Littlefield Sundby, appearing pro se as individuals and in their capacity as trustees of Declaration of Trust, Trust No. 1989-1 Dated: January 26, 1989 ("Trust"), filed their initial Complaint against Defendant Fidelity National Title Company and an indeterminate number of Doe Defendants in the Central District of California. ECF No. 1 (Compl.). The facts giving rise to the Complaint concern allegedly altered mortgage loan documents as to Sundbys' residence in La Jolla, California. Compl. ¶¶ 12–49. Defendant Fidelity National Title Company is alleged to have issued title insurance for the loan policy. Compl. ¶ 41.

In 2019, Dale Sundby, appearing pro se on behalf of the Trust, initiated litigation against the lenders concerning the altered loan documents. Compl. ¶¶ 50–55; *see* Case No. 19-cv-390.[1] The Sundbys allege that Fidelity, as the policy insurer, had effective control

---

[1] The Court takes judicial notice of the filings and proceedings from Case No. 19-cv-390.

over that litigation, including selecting and directing counsel and the defendants to defend against the claims. Compl. ¶¶ 58–69.  The Sundbys further allege that Fidelity improperly caused a revoked deed of trust to be recorded, caused the initiation of default proceedings, and caused the foreclosure of Sundbys' property.  Compl. ¶¶ 82–116.

The Sundbys allege four causes of action concerning the purported wrongful foreclosure of their property.  Compl. ¶¶ 117–96.

### B.     Fidelity's Motion To Dismiss The Complaint And Sundbys' Motion To Amend The Complaint

In December 2022, Fidelity moved to dismiss the Complaint for failing to state a claim upon which relief may be granted.  ECF No. 29.  First, Fidelity argues that all of its conduct for which the Sundbys allege Fidelity acted wrongfully "falls squarely within the litigation privilege" of California Civil Code section 47(b) such that, even if true, Fidelity could not be held liable.  *Id.* at 15–18.[2]  Second, Fidelity argues that the Sundbys are third parties that "cannot sue an insurer based on its claims handling done on behalf of its insured."  *Id.* at 18–19.  Third, Fidelity argues that the issue of whether the foreclosure was wrongful was sufficiently litigated in Case No. 19-cv-390 so as to be final, subject to collateral estoppel, and precluded from further litigation.  *Id.* at 19–20.  Fourth and Fifth, Fidelity argues that the Sundbys, as non-lawyers, cannot represent the Trust pro se, and that they lack standing to sue in their individual capacity.  *Id.* at 20–22.

The Sundbys opposed the motion to dismiss, ECF No. 37, but in July 2023, after the case was transferred from the Central District of California to the Southern District of California, the Sundbys moved for leave to file a first amended complaint, ECF No. 70; *see* ECF No. 65 (Central District order transferring case).

---

[2] Page numbers are based on CM/ECF pagination.

Fidelity opposes the motion to amend the complaint. Fidelity argues that the proposed amendments to the complaint would be futile in light of its pending motion to dismiss; that the amendments would result in undue prejudice; that the motion constitutes a "dilatory ploy intended to delay" proceedings; and that the motion fails to establish the grounds for leave to amend. ECF No. 75 at 4–5. Indeed, Fidelity argues that the proposed amended complaint does not appear to make any substantive changes to the facts or causes of action, instead adding defendant parties—whose names were presumably known at the time of filing given the proceedings in Case No. 19-cv-390—and removing the Sundbys as plaintiffs in their capacity as trustees. *See* ECF No. 70-4.

### C. Sundbys' Motion To Disqualify The Honorable Gonzalo P. Curiel

Dale Sundby has filed a motion to disqualify the Honorable Gonzalo P. Curiel from any further proceedings in the above-titled case. ECF No. 79. He describes seven fact sets which he argues "might cause a reasonable person to question Judge Curiel's impartiality." *Id.* at 28 (emphasis removed). Four of the fact sets appear to be identical to those raised in a similar motion to disqualify from Case No. 19-cv-390. *Compare* ECF No. 79 at 10–21 (fact sets 1 through 4), *with Sundby v. Marquee Funding Grp.*, No. 19-cv-0390, 2023 WL 4281729, at *4–8 (S.D. Cal. June 29, 2023) (Order describing facts sets and denying motion to disqualify).

### D. Case Nos. 19-cv-390 and 21-cv-2013: Dismissals And Appeals

In Case No. 19-cv-390, concerning the refinancing of the La Jolla property which is also the subject of the dispute in the above-captioned matter, Dale Sundby appeared pro se on behalf of the Trust. *Sundby v. Marquee Funding Grp.*, No. 21-55504, No. 21-55582, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022). The Ninth Circuit addressed an issue raised for the first time on appeal from the Court's summary judgment orders: whether Dale Sundby could represent the Trust pro se. *Id.* The Ninth Circuit held that "[a]s Sundby, in his capacity as trustee, purports to represent a trust pro se, such representation is not

permitted." *Id.* It then vacated and remanded the Court's orders "to afford the trust an opportunity to obtain legal representation and to develop facts to determine in the first instance whether Sundby is the beneficial owner of the trust or whether the trust transferred any interests to Sundby." *Id.*

On remand, the Court gave Dale Sundby many opportunities to obtain counsel on behalf of the Trust, which he declined to do. *See Sundby v. Marquee Funding Grp.*, No. 19-cv-0390, 2023 WL 4686445, at *1 (S.D. Cal. July 21, 2023) (citing to orders mandating that legal counsel be retained). On July 21, 2023, more than nine months after the Ninth Circuit vacated and remanded the proceedings, the Court dismissed Case No. 19-cv-390 due to Dale Sundby's failure to retain counsel for the Trust. *Id.* The Court also dismissed related case 21-cv-2013—which arose from issues concerning the 2017 mortgage on the La Jolla property but was brought pro se by Dale Sundby the individual and trustee—both for failing to retain counsel on behalf of the Trust and because Dale Sundby the individual lacked standing. *Id.* at *2.

Dale Sundby has filed a notice of appeal as to the July 21, 2023 Order. Case No. 19-cv-390 ECF No. 369.

## II.  LEGAL STANDARD

A district court may stay "an action before it . . . pending resolution of independent proceedings which bear upon the case," even when the issues in the other proceedings are not "necessarily controlling of the action before the court." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). However, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

A federal court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and

effort for itself, for counsel, and for litigants." *Id.* at 254. Deciding whether to stay the proceedings "calls for the exercise of judgment, which must weigh competing interest and maintain an even balance." *Id.* at 254–55. The competing interests which the Court must weigh include: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "[S]tays should not be indefinite in nature," *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007), but should be granted only when "it appears likely the other proceedings will be concluded within a reasonable time," *Levya*, 593 F.2d at 864.

### III. DISCUSSION

On balance, the competing interests at issue favor staying the proceedings. First, given that the subject of the litigation in the above-captioned matter is a home that has already been foreclosed upon, there is minimal risk of any additional damage to the parties while the case is stayed. *Cf. Lockyer*, 398 F.3d at 1112 (comparing higher risk of damage associated with forward-looking injunctive relief with damages for past harm).

Second, given the interconnectedness of the pending motions, as well as the likely issues on appeal in Case No. 19-cv-390, a stay of proceedings pending appeal will simplify the issues and questions of law raised in this case. As such, a stay will further the orderly administration of justice and the efficient use of the parties' and the Court's time and effort. On appeal, Dale Sundby is presumptively going to challenge whether it was proper for this Court to have dismissed Case Nos. 19-cv-390 and 21-cv-2013 for failing to retain counsel for the Trust and for his lack of standing to bring the same claims in his individual capacity. *See Sundby v. Marquee Funding Grp.*, No. 19-cv-0390, 2023 WL 4686445, at *1 (S.D.

Cal. July 21, 2023). The question of whether Dale and Edith Sundby can represent the Trust pro se or have standing to appear as individuals has already been raised by Fidelity in its motion to dismiss in this litigation. *See* ECF No. 29 at 20–22. The Sundbys, in their proposed amended complaint, appear to attempt to rectify the unauthorized practice of law issue by appearing only in their individual capacity, though they do not address the issue of whether they have standing to bring causes of action for injuries purportedly suffered by the Trust. *See* ECF No. 70-4.

Third, the stay is likely to be reasonably short given the narrow scope of the issues likely to be raised on appeal.

Finally, to avoid the appearance of impropriety, the Court is inclined to avoid ruling on any substantive motions until the Sundbys' motion to disqualify has been fully briefed and taken under submission. Taken together, both the parties and the Court will be in a better position to focus on the substantive issues in the above-captioned proceeding once the appeal has been concluded in Case Nos. 19-cv-390 and 21-cv-2013.

**IV.   CONCLUSION**

For the reasons explained above, the Court concludes that the balance of competing interests favors a stay of the proceedings in the above-captioned matter pending the outcome of the appeal to the Ninth Circuit from Case Nos. 19-cv-390 and 21-cv-2013. It is hereby ordered that the proceedings in Case No. 23-cv-1239 shall be stayed pending resolution of the appeal to the Ninth Circuit in Case No. 23-55659. Any pending briefing schedules and hearing dates are hereby VACATED and the Court DENIES the motion to dismiss and motion to amend the complaint without prejudice to refiling once the Ninth

/ / /

/ / /

/ / /

Circuit issues its decision, ECF Nos. 29, 70.  Upon resolution of the pending appeal, the Court will issue a new briefing schedule for Plaintiffs' motion to disqualify, ECF No. 79.

**IT IS SO ORDERED.**

Dated:  September 19, 2023

Hon. Gonzalo P. Curiel
United States District Judge