UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY and EDITH LITTLEFIELD SUNDBY; DALE SUNDBY and EDITH LITTLEFIELD SUNDBY, Trustees,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY; and DOES 1-X, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 23-CV-01239-GPC-AHG<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO LIFT STAY AND TRANSFER THE CASE BACK TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>**[Dkt. No. 102.]** |

Before the Court is Plaintiffs' motion to lift the stay and transfer the case back to the Central District of California. (Dkt. No. 102.) Defendant filed an opposition. (Dkt. No. 104.) Plaintiffs filed a reply. (Dkt. No. 105.) Based on the reasoning below, the Court DENIES Plaintiffs' motion to lift the stay.

## Background

On November 1, 2022, Plaintiffs Dale Sundby and Edith Littlefield Sundby, appearing pro se as individuals, and in their capacity as trustees of Declaration of Trust,

1

1  Trust No. 1989-1 Dated: January 26, 1989 ("Trust"), filed a complaint against Defendant
2  Fidelity National Title Company in the Central District of California alleging wrongful
3  foreclosure. (Dkt. No. 1, Compl.)  The facts giving rise to the complaint concern
4  allegedly altered mortgage loan documents on the Sundbys' residence in La Jolla,
5  California. (*Id.* ¶¶ 12–49.)  Defendant Fidelity National Title Company is alleged to have
6  issued title insurance on behalf of the lenders for the loan policy. (*Id.* ¶ 41.)

7  Previously, in 2019, Dale Sundby, appearing pro se as Trustee on behalf of the
8  Trust, initiated litigation against the lenders concerning the altered loan documents. (*Id.*
9  ¶¶ 50–55; *see also* Case No. 19-cv-390.)  The Sundbys allege that Fidelity, as the policy
10 insurer, had effective control over that litigation, including selecting and directing
11 counsel and the defendants to defend against the claims. (*Id.* ¶¶ 58–69.)  The Sundbys
12 further allege that Fidelity, thereafter, improperly caused a revoked deed of trust to be
13 recorded, caused the initiation of default proceedings, and caused the foreclosure of
14 Sundbys' property. (*Id.* ¶¶ 82–116.)

15 Here, the Sundbys allege four causes of action concerning the purported wrongful
16 foreclosure of their property. (*Id.* ¶¶ 117–96.)  On July 5, 2023, the district court in the
17 Central District of California granted Fidelity's motion to transfer the case to the
18 Southern District of California. (Dkt. No. 65.)

19 In Case No. 19-cv-390, concerning the loan refinancing of the La Jolla property
20 which is also the subject of the dispute in the above-captioned matter, Dale Sundby
21 appeared pro se on behalf of the Trust. *Sundby v. Marquee Funding Grp.*, No. 21-55504,
22 No. 21-55582, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022).  The Ninth Circuit
23 addressed an issue raised for the first time on appeal from the Court's summary judgment
24 orders:  whether Dale Sundby could represent the Trust pro se. *Id.*  The Ninth Circuit held
25 that "[a]s Sundby, in his capacity as trustee, purports to represent a trust pro se, such
26 representation is not permitted." *Id.*  It then vacated and remanded the Court's orders "to

afford the trust an opportunity to obtain legal representation and to develop facts to determine in the first instance whether Sundby is the beneficial owner of the trust or whether the trust transferred any interests to Sundby." *Id.*

On remand, the Court gave Dale Sundby many opportunities to obtain counsel on behalf of the Trust, which he declined to do. *See Sundby v. Marquee Funding Grp.*, No. 19-cv-0390, 2023 WL 4686445, at *1 (S.D. Cal. July 21, 2023) (citing to orders mandating that legal counsel be retained). On July 21, 2023, more than nine months after the Ninth Circuit vacated and remanded the proceedings, the Court dismissed Case No. 19-cv-390 due to Dale Sundby's failure to retain counsel for the Trust. *Id.* The Court also dismissed related case 21-cv-2013—which arose from issues concerning the 2017 mortgage on the La Jolla property but was brought pro se by Dale Sundby the individual and trustee—both for failing to retain counsel on behalf of the Trust and because Dale Sundby the individual lacked standing. *Id.* at *2. Dale Sundby filed a notice of appeal as to the July 21, 2023 Order. (Case No. 19-cv-390, Dkt. No. 369.)

On September 19, 2023, the Court sua sponte stayed the proceedings in this case after weighing the competing interests. (Dkt. No. 96.) Particularly, because of the related issues with Case Nos. 19-cv-390 and 21-cv-2013, which are currently on appeal, the Court concluded that a stay pending appeal will simplify the issues raised in the case and will further the orderly administration of justice and efficient use of the parties' and Court's time and effort. (*Id.*)

## Discussion

**A.     Motion to Lift Stay**

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The same court that imposes a stay of litigation has the inherent power and

discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002); *Boyle v. Cnty. of Kern*, No. 103-CV-05162-OWW-GSA, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008) ("The corollary to this power is the ability to lift a stay previously imposed."). "When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." *Canady*, 271 F. Supp. 2d at 74.

When granting the stay, the Court considered the following factors: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." (Dkt. No. 96 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). In considering these factors, the Court concluded that because the foreclosure had already occurred, there was minimal risk of any additional damage to the parties during a stay and because the case is interrelated to the issues on appeal in Case No. 19-cv-390, a ruling by the Ninth Circuit will simplify the issues and questions of law in the case which will further the orderly administration of justice, and efficient use of the parties' and the Court's time and effort. (Dkt. No. 96 at 6.) Finally, the Court indicated the stay will likely be short due to the narrow scope of the issues on appeal. (*Id.* at 7.)

In their motion, Plaintiffs merely disagree with the Court's sua sponte stay of the case and do not provide any changed circumstances to justify lifting the stay that was imposed on September 19, 2023.

First, Plaintiffs argue the Court's conclusion that this case is related with the two cases on appeal in Case No. 19-cv-390 and 21-cv-2013 is arbitrary and prejudicial. They claim that during the pendency of this case, the Trust transferred all collective and

4

individual interest in the subject property back to Dale and Edith, as individuals and husband and wife as community property, and because there is no longer a Trust, there is no need for counsel. (Dkt. No. 102 at 6-7.) They suggest this case is distinct from 19-cv-390 because counsel is not necessary in this case and contend the Court ignored this "transfer record." Contrary to Plaintiffs' argument, at the time the Court issued the stay, it recognized that Plaintiffs, in their proposed amended complaint, were trying to rectify the unauthorized practice of law by appearing only in their individual capacities but failed to address whether they have standing to bring causes of action for injuries purportedly suffered by the Trust. (Dkt. No. 96 at 7.) Moreover, Plaintiffs do not dispute that the underlying facts in this case and Case Nos. 19-cv-390 and 21-cv-2013 concern the foreclosure of their home located in La Jolla, California based on altered mortgage loan documents. Dale Sundby filed an appeal of the Court's dismissal of Case Nos. 19-cv-390 and 21-cv-2013 for Mr. Sundby's failure to obtain counsel on behalf of the Trust and because he, as an individual, lacked standing. (Case No. 19-cv-390, Dkt. No. 367.) A ruling by the Ninth Circuit on these issues will impact Plaintiffs' standing to pursue their claims in this case.

Next, Plaintiffs argue the stay is damaging due to their elderly age of being in their 70s and staying the case only prolongs the prosecution of this case and denies them their day in court. (Dkt. No. 102 at 8.) The Court disagrees. During this stay, Plaintiffs have been actively pursuing their appeals. In its order staying the case, the Court noted that a stay would likely be short due to the narrow scope of the issues raised. (Dkt. No. 96 at 7.) While the notice of appeal was filed almost eight months ago on July 25, 2023, (Case No. 19cv390, Dkt. No. 369), the Ninth Circuit docket reflects that briefing is still pending as Mr. Sundby sought and was granted two extensions of time to file his opening brief. (Ninth Circuit Case No. 23-55659, Dkt. Nos. 4, 6, 7.) Once fully briefed, a decision will

likely be rendered by the Ninth Circuit in a few months.  Therefore, Plaintiffs have not shown any possible damage resulting from the limited stay.

Accordingly, because circumstances have not changed for the imposition of the stay, the Court DENIES Plaintiffs' motion to lift the stay.  *See Atl. Constr. Fabrics, Inc. v. Metrochem, Inc.*, No. C03-5645BHS, 2007 WL 2963823, at *2 (W.D. Wash. Oct. 9, 2007) (denying motion to lift stay where "no substantive events had occurred since the institution of the stay").

## Conclusion

Based on the above, the Court DENIES Plaintiffs' motion to lift the stay.  As such, the Court necessarily DENIES Plaintiffs' motion to transfer the case to the Central District of California.  The hearing set on March 29, 2024 shall be **vacated**.

IT IS SO ORDERED.

Dated:  March 14, 2024

Hon. Gonzalo P. Curiel
United States District Judge