UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY and EDITH LITTLEFIELD SUNDBY; DALE SUNDBY and EDITH LITTLEFIELD SUNDBY, Trustees,<br><br>Plaintiffs,<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY; and DOES 1-X, inclusive,<br><br>Defendants. | Case No.:  23-CV-01239-GPC-AHG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; DENYING DEFENDANT FIDELITY'S MOTION TO DISMISS AS MOOT**<br><br>**[ECF Nos. 114, 118]** |

Before the Court is Plaintiffs Dale and Edith Sundbys' motion to file a first amended complaint, ECF No. 114, as well as Defendant Fidelity's motion to dismiss, ECF No. 118. The motions are fully briefed. The Court finds the matter suitable for decision on the papers under Civil Local Rule 7.1(d)(1) and vacates the hearing set for February 13, 2026. For the reasons set forth below, the Court GRANTS Plaintiffs Dale and Edith Sundbys' motion for leave to file a first amended complaint, ECF No. 114. The Court DENIES as moot Defendant Fidelity's motion to dismiss, ECF No. 118.

//

1

## BACKGROUND

### I.    Factual Background

On November 1, 2022, Plaintiffs Dale Sundby and Edith Littlefield Sundby, appearing pro se as individuals and in their capacity as trustees of Declaration of Trust, Trust No. 1989-1 Dated: January 26, 1989 ("Trust"), filed their initial complaint against Defendant Fidelity National Title Company ("Fidelity") and Doe Defendants I-X in the Central District of California. ECF No. 1. The facts giving rise to the complaint concern allegedly altered mortgage loan documents as to the Sundbys' residence in La Jolla, California. *Id*. ¶¶ 12–49. Defendant Fidelity is alleged to have issued title insurance for the loan policy. *Id*. ¶ 41.

In 2019, Dale Sundby, appearing pro se on behalf of the Trust, initiated litigation against the lenders concerning the altered loan documents. *Id*. ¶¶ 50–55; *see* Case No. 19-cv-390 ("Case 390"), ECF No. 1. In this case, the Sundbys allege that Fidelity, as the policy insurer, had effective control over the litigation in Case 390, including selecting and directing counsel and the defendants to defend against the claims. *Id*. ¶¶ 58–69. Forming the basis of the Sunbdys' claims in this case, the Sundbys further allege that Fidelity improperly caused a revoked deed of trust to be recorded, caused the initiation of default proceedings, and caused the foreclosure of Sundbys' property. *Id*. ¶¶ 82–116. The Sundbys allege four causes of action concerning the purported wrongful foreclosure of their property. *Id*. ¶¶ 117–96.

### II.    Procedural Background

On July 5, 2023, this case was transferred to the Southern District of California, ECF No. 66, and, on July 27, 2023, to the undersigned's chambers due to related cases pending before the Court, ECF No. 77.

When the case was transferred to this district, Fidelity had a pending motion to dismiss the Sundbys' complaint, which the Sundbys had opposed. ECF Nos. 29, 37. While that motion remained pending, and shortly after the case was transferred to this district, the

Sundbys filed a motion for leave to file a first amended complaint. ECF No. 70. Fidelity opposed the motion for leave to amend. ECF No. 75.

On August 4, 2023, this Court issued a *sua sponte* stay of the proceedings pending the outcome of Mr. Sundby's appeal to the Ninth Circuit Court of Appeals in Case 390. ECF No. 85. The Court did so in consideration of interconnected questions of law and fact between the two cases. ECF No. 85, at 6–7. Specifically, the Court noted the relevance of questions relating to the Sundbys' capacity to represent the Trust pro se and Dale and Edith Sundby's standing to bring the alleged causes of action as individuals. *Id.*

In response, the Sundbys filed a petition for a writ of mandamus with the Ninth Circuit. ECF No. 94, 108. The Ninth Circuit denied the Sundbys' petition. ECF No. 110. This Court also denied the Sundbys' motion to lift the stay. ECF Nos. 102, 107.

On June 30, 2025, the Ninth Circuit affirmed this Court's dismissal with prejudice of Mr. Sundby's claims in Case 390. *See* Case No. 19-cv-390, ECF No. 395-1. The judgment took effect on October 14, 2025. *Id.*, ECF No. 399.

Given the Ninth Circuit's decision in Case 390, on November 12, 2025, the Sundbys re-filed a motion for leave to file a first amended complaint in this case. ECF No. 114. On November 18, 2025, Fidelity re-filed a motion to dismiss. ECF No. 118. Both motions have been fully briefed. *See* ECF Nos. 120, 121, 122, 123.

**LEGAL STANDARD**

Because the Court grants the Sundbys' motion for leave to amend, it does not consider Defendant's motion to dismiss. Thus, the Court provides only the legal standard for a motion for leave to amend:

**I.    Federal Rule of Civil Procedure 15**

When not within the window to amend as a matter of course, party may move to amend its complaint after obtaining leave of the Court or by consent of the adverse party.

23-CV-01239-GPC-AHG

Fed R. Civ. P. 15(a)(2). Federal Rule of Civil Procedure ("Rule")[1] 15 provides that leave to amend "shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001)).

When considering whether to grant leave to amend, courts consider factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178 (1962). In the Ninth Circuit, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC*, 316 F.3d at 1052. Indeed, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id* (emphasis in original).

## DISCUSSION

### I.    The Sundbys' Motion for Leave to File a First Amended Complaint

The Sundbys' amended complaint seeks only to (1) "clarify[] that Plaintiffs proceed solely in their individual capacities," and (2) "add Defendants already identified in the pleadings and exhibits." ECF No. 114, at 2.

**A. Plaintiffs' Change in Capacity**

While the original complaint named Dale and Edith Sundby in their individual capacities as well as Dale and Edith Sundby in their capacity as trustees, *see* ECF No. 1, at 1, the Sundbys' proposed amended complaint names only Dale and Edith Sundby in their individual capacities. ECF No. 114, at 13.

---

[1] "Rule" or "Rules" refers to the Federal Rules of Civil Procedure unless otherwise noted.

23-CV-01239-GPC-AHG

The Sundbys' proposed amendment reflects that on November 12, 2025, the Sundbys, as trustees, "executed Assignment of Claims and Ratification," wherein the Trust "assign[s] to the Assignees all Trust claims relating to the Events" regarding the property at issue in this case.[2] ECF No. 114, at 2, 8, 11. The Sundbys allege that the assignment of claims "foreclose[s] any capacity objections." ECF No. 114, at 4.

In its opposition to the Sundbys' motion, Fidelity does not challenge the validity of the Assignment of Claims, nor does it address how such an Assignment might impact the Sundbys' standing to bring the claims alleged in their complaint or capacity to proceed without counsel. In fact, Fidelity does not mention the Assignment—or the fact that the Sundbys seek to proceed only in their individual capacity—at all. *See generally* ECF No. 120.

Thus, Fidelity has provided no response to the Sundbys' proposed change in plaintiffs sufficient to overcome the presumption in favor of granting leave to amend. *See Eminence Cap., LLC*, 316 F.3d at 1052.

### B. Additional Defendants

The Sundbys also seek to amend the complaint to include additional defendants. *See* ECF No. 122, at 2 ("The proposed FAC does not expand the merits theories against Fidelity; it simply adds the related participants already identified in the record so the foreclosure-era dispute can be resolved in one proceeding.")

A motion to add defendants is properly raised under Rule 15. However, as Fidelity notes in its briefing, courts "differentiate between pleadings attempting to amend claims from those seeking to amend parties." *Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d

---

[2] The Assignment of Claims and Ratification is attached to the Sundbys' motion as Exhibit 2. ECF No. 114, at 8.

5

23-CV-01239-GPC-AHG

1429, 1432 (9th Cir. 1991). Indeed, amendments adding parties are granted less freely than those adding claims. *Id.*

However, Fidelity has not identified the more stringent standard for amendments seeking to add parties nor how the Sundbys have failed to meet it. To the extent that added defendants might seek to challenge whether the amended complaint sufficiently relates back to the original pleading under Rule 15(c), they may do so. At this point, Fidelity has raised no such concerns.

### C. *Foman* Factors: Prejudice and Futility

Fidelity properly notes that leave to amend may be denied where the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party. ECF No. 120, at 3 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, Fidelity fails to make any such showing beyond stating that "allowing leave to amend would be futile and result in undue prejudice to Fidelity." *Id.*

To the extent that Fidelity argues futility, it asks the Court to make such a finding only on the basis of Fidelity's pending motion to dismiss, which (1) the Court has not yet evaluated and need not evaluate prior to ruling on the Sundbys' motion, and (2) relates to the original complaint, which does not address the Sundbys' adjusted capacity theory discussed above. *See* ECF No. 120, at 3. Thus, Fidelity has not made a showing of futility sufficient to overcome the presumption in favor of granting leave to amend. *See Eminence Cap., LLC*, 316 F.3d at 1052.

Further, Fidelity's request that the Court consider the merits of its motion to dismiss the original complaint to better assess the alleged futility of the Sundbys' motion for leave to file an amended complaint runs counter to interests of judicial economy. Because "'when a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint' . . . it is often 'in the interest of judicial economy for Plaintiffs to amend now rather than after a ruling [on] Defendants' motion to dismiss.'" *San Diego Coastkeeper v. Pick-Your-Part Auto Wrecking*, No. 22-CV-1693 TWR (DDL), 2023 WL 2801199, at *2 (S.D. Cal.

23-CV-01239-GPC-AHG

Apr. 5, 2023) (first quoting *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999), *overruled in part on other grounds by Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002); then *In re Madison Asset LLC*, No. 1:20-cv-10299-MKV, 2021 WL 1894032, at *2 (S.D.N.Y. May 11, 2021)).

Lastly, Fidelity argues that the Sundbys' motion for leave to amend should be denied because the Sundbys have failed to show any basis for amending. ECF No. 120, at 3 (citing *Long v. Satz*, 181 F.3d 1275, 1279 (1999) ("Parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim") (internal quotation marks and citation omitted)). Fidelity continues that the Sundbys "completely failed to show any grounds for filing an amended complaint." ECF No. 120, at 4.

However, Fidelity's motion to dismiss is partially based on the arguments that (1) Mr. Sundby cannot represent the Trust pro se and (2) the Sundbys, as individuals, lack standing to bring the claims in their complaint. ECF No. 118, at 19-21. The Sundbys' amended complaint seeks to address those alleged deficiencies by incorporating an assignment of claims from the Trust to the Sunbdys as individuals. Whether these changes will ultimately be successful is a separate question. At this juncture, the Court finds that the Sundbys have explained how the amended complaint will purportedly cure certain alleged deficiencies. Thus, the Court will not deny leave to amend on the grounds that the Sundbys have not "shown any basis" for amending their complaint. *See* ECF No. 120, at 3.

Absent prejudice or a "strong showing" of bad faith, undue delay, dilatory motive, futility, or repeated failure to cure deficiencies, there is a presumption in favor of granting leave to amend. *Eminence*, 316 F. 3d at 1052. Fidelity has failed to make any such showing. Accordingly, the Court GRANTS the Sundbys' motion for leave to file a first amended complaint, ECF No. 114.

**II.    Fidelity's Motion to Dismiss**

23-CV-01239-GPC-AHG

Having granted the Sundbys' motion for leave to amend, the Court need not resolve Fidelity's motion to dismiss. Accordingly, the Court DENIES as moot Fidelity's motion to dismiss. ECF No. 118. *See, e.g. Marshall v. Gen. Motors/Corp. Serv. Co.*, No. 18-CV-2551-GPC-JLB, 2018 WL 11412775, at *2 (S.D. Cal. Dec. 6, 2018) ("As a general rule, an amended complaint supersedes a prior complaint . . . Therefore, the pending motions to dismiss will be rendered moot." (internal quotation marks and citation omitted)); *see also San Diego Coastkeeper*, 2023 WL 2801199, at *1 (S.D. Cal. Apr. 5, 2023) ("Where the proposed amendment requires leave of court, the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." (internal quotation marks and citation omitted)).

## CONCLUSION

Based on the foregoing, The Court GRANTS the Sundbys' motion for leave to file a first amended complaint, ECF No. 114. The Court DENIES as moot Fidelity's motion to dismiss, ECF No. 118.

IT IS SO ORDERED.

Dated:  February 10, 2026

Hon. Gonzalo P. Curiel
United States District Judge

23-CV-01239-GPC-AHG