UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dale Sundby and Edith Littlefield Sundby, | Case No.: 23-CV-01239-GPC-AHG |
| Plaintiffs, | |
| v. | **ORDER RE: PLAINTIFFS' OBJECTIONS** |
| Fidelity National Title Insurance Company; Marquee Funding Group, Inc.; Platinum Loan Servicing, Inc.; Scot Fine; Ryan Joe (R.J.) Solovy; Troy H. Slome; Jeffrey Myers; Kathleen Myers; Andres Salsido, Trustee; Benning Management Group 401(k) Profit Sharing Plan; Christopher Myers; Vickie McCarty; Dolores Thompson; Kimberly Gill Rabinoff; Equity Trust Company, Custodian FBO Steven M. Cobin Traditional IRA; Todd B. Cobin, Trustee; Barbara A. Cobin, Trustee; Fasack Investments LLC; Steven M. Cobin, Trustee; Susan L. Cobin, Trustee; and Does 1-X, Inclusive,, | **[ECF No. 166, 168]** |
| Defendants. | |

1

## I.    Marquee Defendants' Notice of Joinder, ECF No. 165

On April 6, 2026, Defendants Scot Fine, Marquee Funding Group, Platinum Loan Servicing, and Ryan Joe Solovy ("the Marquee Defendants") filed a motion to dismiss Plaintiffs' complaint. ECF No. 154. At the same time, the Marquee Defendants joined the pending motion to dismiss previously filed by Fidelity National Title Insurance Company. ECF Nos. 154, 130. Plaintiffs filed a response in opposition to the Marquee Defendants' motion to dismiss on May 7, 2026. ECF No. 164.

Also on May 7, 2026, a separate group of Defendants filed their own motion to dismiss Plaintiffs' complaint, which is the third pending motion to dismiss in this case ("third motion to dismiss"). ECF No. 163. On May 11, the Marquee Defendants filed another notice of joinder as to that motion to dismiss. ECF No. 165.

Plaintiffs have objected to this second joinder. ECF No. 166. Specifically, Plaintiffs argue that the Marquee Defendants are attempting to expand their motion to dismiss after it has already been opposed. ECF No. 166, at 2. They argue that the Marquee Defendants have (1) filed their motion, (2) received Plaintiffs' opposition, and (3) are now attempting to use joinder to adopt additional dismissal theories not presented in their own motion. ECF No. 166, at 2.

Thus, the Court ORDERS the Marquee Defendants to respond to Plaintiffs' objection within seven (7) days regarding the Marquee Defendants' ability to utilize joinder to adopt additional dismissal theories not presented in their own motion.

## II.    Plaintiffs' Request for Clarification, ECF No. 168

The Court now addresses Plaintiffs' briefing concerns. Plaintiffs are concerned that their opposition to the third motion to dismiss is due before the Marquee Defendants' reply to their own motion to dismiss. ECF No. 168. Specifically, they worry that the Marquee Defendants will use Plaintiffs' opposition to the third motion to dismiss to inform and supplement their own reply arguments. *Id.* at 2. Thus, Plaintiffs ask the Court to require

2

23-CV-01239-GPC-AHG

the Marquee Defendants to file their reply before Plaintiffs' response in opposition to the third motion to dismiss is due on May 29, 2026.

The Court finds that Plaintiffs' concerns are unfounded. A party may not raise new arguments in a reply brief. *See Little v. Gore*, 148 F. Supp. 3d 936, 944 n.2 (S.D. Cal. 2015). Thus, the Marquee Defendants' arguments in their reply must be limited to those raised in their motion, ECF No. 154, or those directly responsive to Plaintiffs' arguments in their opposition, ECF No. 164. The reply shall not address arguments that are relevant to the third motion to dismiss but not to the Marquee Defendants' own motion.

Thus, the Court DECLINES Plaintiffs' request to adjust the briefing schedules.

### CONCLUSION

- The Court ORDERS the Marquee Defendants to respond to Plaintiffs' Objection, ECF No. 166, within seven (7) days with respect to Marquee's ability to utilize joinder to adopt additional dismissal theories not presented in their own motion.

- The Court DECLINES Plaintiffs' request to adjust the briefing deadlines. However, the Court clarifies that the Marquee Defendants' reply in support of their motion to dismiss, ECF No. 154, shall be limited to arguments related to that motion rather than additional arguments raised in the subsequently-filed third motion to dismiss, ECF No. 164.

IT IS SO ORDERED.

Dated:  May 13, 2026

Hon. Gonzalo P. Curiel
United States District Judge

23-CV-01239-GPC-AHG