UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dale Sundby and Edith Littlefield Sundby,<br><br>Plaintiffs,<br><br>v.<br><br>Fidelity National Title Insurance Company; Marquee Funding Group, Inc.; Platinum Loan Servicing, Inc.; Scot Fine; Ryan Joe (R.J.) Solovy; Troy H. Slome; Jeffrey Myers; Kathleen Myers; Andres Salsido, Trustee; Benning Management Group 401(k) Profit Sharing Plan; Christopher Myers; Vickie McCarty; Dolores Thompson; Kimberly Gill Rabinoff; Equity Trust Company, Custodian FBO Steven M. Cobin Traditional IRA; Todd B. Cobin, Trustee; Barbara A. Cobin, Trustee; Fasack Investments LLC; Steven M. Cobin, Trustee; Susan L. Cobin, Trustee; and Does 1-X, Inclusive,,<br><br>Defendants. | Case No.: 23-CV-01239-GPC-AHG<br><br>**ORDER GRANTING DEFENDANTS FIDELITY NATIONAL TITLE INSURANCE COMPANY, SCOT FINE, MARQUEE FUNDING GROUP, INC., PLATINUM SEVICING, INC., AND RYAN JOE SOLOVY'S MOTION TO DISMISS; DISMISSING ACTION AS TO ALL DEFENDANTS**<br><br>**[ECF No. 130]** |

Before the Court is Defendant Fidelity National Title Insurance Company's ("Fidelity") motion to dismiss Plaintiffs' complaint. ECF No. 130. Defendants Scot Fine, Ryan Joe Solovy, Marquee Funding Group, Inc., and Platinum Loan Servicing, Inc., have joined Fidelity's motion. *See* ECF Nos. 154, 157. For the reasons outlined below, the Court GRANTS the motion with prejudice and without leave to amend, and DISMISSES the action as to all Defendants.

## BACKGROUND

### I.      Original Complaint

On November 1, 2022, Plaintiffs Dale Sundby and Edith Littlefield Sundby, appearing pro se as individuals and in their capacity as trustees of Declaration of Trust, Trust No. 1989-1 Dated: January 26, 1989 ("the Trust"), filed their initial complaint against Defendant Fidelity National Title Company ("Fidelity") and Doe Defendants I-X in the Central District of California. ECF No. 1. The facts giving rise to the complaint concerned allegedly altered mortgage loan documents as to the Sundbys' residence in La Jolla, California.  *See generally* ECF No. 1.

The original complaint alleged that in 2019, Dale Sundby, appearing pro se on behalf of the Trust, initiated litigation against the lenders concerning the altered loan documents. *Id*. ¶¶ 50–55; *see* Case No. 19-cv-390 ("Case 390"), ECF No. 1. The Sundbys initially alleged that Fidelity, as the policy insurer, had effective control over the litigation in Case 390, including selecting and directing counsel and the defendants to defend against the claims. ECF No. 1, at ¶¶ 58–69.  The Sundbys further alleged that Fidelity improperly caused a revoked deed of trust to be recorded, caused the initiation of default proceedings, and caused the foreclosure of Sundbys' property ("the Property").  *Id*. ¶¶ 82–116.  The Sundbys alleged four causes of action concerning the purported wrongful foreclosure of their Property. *Id*. ¶¶ 117–96.

In 2023, the Court stayed this case pending the outcome of Mr. Sundby's appeal to the Ninth Circuit Court of Appeals in Case 390. ECF No. 96. The Court did so in

consideration of interconnected questions of law and fact between the two cases. ECF No. 96, at 6–7. Specifically, the Court noted the relevance of questions relating to the Sundbys' capacity to represent the Trust pro se and Dale and Edith Sundby's standing to bring the alleged causes of action as individuals. *Id.*

## II.    Motion for Leave to File First Amended Complaint

Given the Ninth Circuit's decision in Case 390, on November 12, 2025, the Sundbys re-filed a motion for leave to file a first amended complaint in this case. ECF No. 114. On November 18, 2025, Fidelity re-filed a motion to dismiss. ECF No. 118.

The Sundbys' motion for leave to file a first amended complaint was premised on an alleged "Assignment of Claims and Ratification" from the Trust to Dale and Edith Sundby as individuals, wherein the Trust "assign[ed] to the Assignees all Trust claims relating to the Events" regarding the Property at issue in this case ("the Assignment").[1] ECF No. 114, at 2, 8, 11. The Sundbys argued that the Assignment of claims from the Trust to the Sundbys "forclose[s] any capacity objections" that Defendants may raise. ECF No. 114, at 4.

Though the Assignment was the Sundbys' primary justification for amendment, Fidelity failed to address the Assignment—or how it might impact the Sundbys' standing to bring their claims—in opposing the Sundbys' motion. Thus, the Court found that Fidelity failed to overcome the presumption in favor of granting leave to amend. ECF 127, at 5.

## III.    First Amended Complaint

On February 13, 2026, the Sundbys filed their first amended complaint ("FAC"). ECF 128. The FAC lists only Dale Sundby and Edith Littlefield Sundby as plaintiffs in their individual capacities. ECF No. 128, at 1. The Sundbys also added several additional

---

[1] The Assignment of Claims and Ratification is attached to the Sundbys' motion for leave to file a first amended complaint as Exhibit 2. ECF No. 114, at 8.

23-CV-01239-GPC-AHG

Defendants, which the Sundbys deemed "related participants already identified in the record." ECF No. 122, at 2. The changes to the body of the FAC function primarily to add the new Defendants' names into Plaintiffs' claims. The factual allegations remain largely unedited and unchanged. *Compare* ECF No. 1, *with* ECF No. 128.

The FAC includes no mention of the Assignment from the Trust to the Plaintiffs, and the Assignment is not attached to the FAC. *See generally* ECF No. 128.

Fidelity moved to dismiss the Sundbys' first amended complaint. ECF No. 130. That motion is fully briefed. ECF Nos. 134, 155. Defendants Scot Fine, Ryan Joe Solovy, Marquee Funding Group, Inc., and Platinum Loan Servicing, Inc. ("the Marquee Defendants")—Defendants who were added to this case via the FAC—have joined Fidelity's motion dismiss, except as to those arguments unique to Fidelity as an insurer. *See* ECF Nos. 154, 157. The Marquee Defendants have also filed their own motion to dismiss, ECF No. 154, which Plaintiffs have opposed, ECF No. 164.

A final group of Defendants—Benning Management Group 401(k) Profit Sharing Plan, Barbara A. Cobin, Steven M. Cobin, Susan L. Cobin, Todd B. Cobin, Equity Trust Company FBO Steven M. Cobin Traditional IRA, Fasack Investments LLC, Vickie McCarty, Christopher Myers, Jeffrey Myers, Kathleen Myers, Kimberly Gill Rabinoff, Andres Salsido, Troy H. Slome (together, the "Investor Defendants")—have also filed a separate motion to dismiss. ECF No. 163. Plaintiffs have opposed that motion. ECF No. 175.

**IV.    The Sundbys' Other Litigation**

The Sundbys have litigated several other cases relating to the same facts giving rise to this litigation. Multiple federal courts have dismissed the Sundbys' various claims on the grounds that (1) the Sundbys require counsel to litigate any claims on behalf of the Trust, and (2) the Sundbys lack standing to advance the claims in their individual capacity.

In *Sundby v. Landau*, Judge Scarsi in the Central District of California considered various claims "relat[ing] to the foreclosure" of the Property at issue here, including claims

4

for fraud, abuse of process, conversion, tortious interference with contractual relations, and violations of RICO and § 1983. *Sundby v. Landau*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 1090165, at *1, *4 (C.D. Cal. Mar. 14, 2025), *reconsideration denied*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 2374824 (C.D. Cal. May 19, 2025), and *reconsideration denied*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 2374825 (C.D. Cal. July 2, 2025), and *aff'd*, No. 25-4180, 2026 WL 473936 (9th Cir. Feb. 19, 2026), and *aff'd*, No. 25-4180, 2026 WL 473936 (9th Cir. Feb. 19, 2026), and *reconsideration denied*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 2374825 (C.D. Cal. July 2, 2025), and *aff'd*, No. 25-4180, 2026 WL 473936 (9th Cir. Feb. 19, 2026), and *aff'd*, No. 25-4180, 2026 WL 473936 (9th Cir. Feb. 19, 2026). Judge Scarsi determined that Dale and Edith Sundby, in their individual capacities, were not the real parties in interest and lacked standing to assert claims related to the foreclosure of the Property. *Id.* at *3-*4. The court further noted that the Sundbys could not represent the Trust pro se: "Absent argument from counsel representing the trust, the Court cannot confirm the trust may be represented in federal court by a nonattorney trustee." *Id.*

Similarly, in *Sundby v. San Diego Sherriff's Department*, Judge Hayes in the Southern District of California considered claims "related to the execution of a writ of possession" of the same Property at issue in this case. *Sundby v. San Diego Cnty. Sheriff's Dep't*, No. 3:24-CV-1535-WQH-BJW, 2026 WL 673819, at *1 (S.D. Cal. Mar. 10, 2026) (internal quotation marks and citation omitted). Judge Hayes found that Mr. Sundby, in his individual capacity, had not shown that he, rather than the Trust, was the real party in interest in the case. *Id.* at *5. The court further found that it could not consider any claims asserted on behalf of the Trust unless the Trust obtained legal counsel. *Id.* at *6.

In another case before Judge Hayes, *Sundby v. Landau*, the court considered a claim for "restitution of ownership value for wrongful dispossession" that sought relief due to Sundby's alleged wrongful exclusion from the Property. *See Sundby v. Landau*, No. 3:25-cv-00668-WQH-BJW, Dkt. No. 27, at 11. Judge Hayes assessed whether Mr. Sundby, "in

his individual capacity, has an ownership claim over the Property such that he qualifies as a real party in interest. In the absence of an ownership interest, [Mr. Sundby] lacks standing to bring his cause of action against Defendants." *Id.* at 12. The court determined that Mr. Sundby had failed to show any such property interest, and therefore had not demonstrated that he was the real party in interest with the necessary standing to bring his claim. *Id.* at 12-13. The Court also reiterated Plaintiff's inability to bring causes of action on behalf of the Trust without counsel. *Id.* at 9.

In Case 390, wherein this Court considered Mr. Sundby's claims relating to violations of the Truth in Lending Act, the Court held that Mr. Sundby cannot litigate claims on behalf of the trust—or questions related to Trust ownership—without counsel. *Sundby v. Marquee Funding Grp. Inc.*, No. 19-CV-0390-GPC-AHG, 2023 WL 2565168, at *3-*4 (S.D. Cal. Mar. 17, 2023). The Court further found that Mr. Sundby, in his individual capacity, lacked standing to assert the TILA claims because he was not a party to the mortgage loan. *See Sundby v. Marquee Funding Grp., Inc.*, No. 19-CV-00390-GPC-AHG, 2026 WL 559772, at *3 (S.D. Cal. Feb. 27, 2026), *reconsideration denied*, No. 19-CV-00390-GPC-AHG, 2026 WL 1398781, at *4 (S.D. Cal. Apr. 22, 2026); *see also Sundby v. Marquee Funding Grp., Inc.*, No. 19-CV-0390-GPC-AHG, 2023 WL 4686445, at *2-*3 (S.D. Cal. July 21, 2023), *aff'd sub nom. In re Sundby*, No. 23-55659, 2025 WL 1794429 (9th Cir. June 30, 2025).

## LEGAL STANDARD

The Moving Defendants[2] move to dismiss the Sundbys' complaint under both Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6).[3]

---

[2] "Moving Defendants" refers to the Defendants that filed and joined this motion to dismiss. This includes Fidelity National Title Insurance Company and the Marquee Defendants.

[3] "Rule" or "Rules" refer to the Federal Rule of Civil Procedure unless otherwise noted.

23-CV-01239-GPC-AHG

## I.        Rule 12(b)(1)

Federal Rule of Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. A "lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp*., 658 F.3d 1060, 1067 (9th Cir.2011). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* 546 F.3d 981, 984–85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co*., 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)).

Attacks on jurisdiction pursuant to Rule 12(b)(1) can be either facial, confining the inquiry to the allegations in the complaint, or factual, permitting the court to look beyond the complaint. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Here, Defendant raises a facial attack on jurisdiction. *See generally* ECF No. 130. The Court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences

23-CV-01239-GPC-AHG

in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

## II.    Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint fails to state or allege sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When reviewing a Rule 12(b)(6) motion, the court accepts all facts alleged in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Chubb Custom Inc. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).

"Where a motion to dismiss is granted, 'leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Corbett v. Pharmacare U.S., Inc.*, 544 F. Supp. 3d 996, 1003 (S.D. Cal. 2021) (quoting *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992)).

//

//

//

23-CV-01239-GPC-AHG

**DISCUSSION**

## I.    The Sundbys Lack Standing To Bring Their Claims

The Moving Defendants argue that the Sundbys lack standing to assert any of their wrongful foreclosure claims because they lacked any ownership interest in the foreclosed-upon Property. ECF No. 130, at 12.

Plaintiffs argue that they have standing because (1) they have pled personal injuries; (2) a wrongful foreclosure action does not require ownership interest; (3) the Trust quitclaimed ownership interest from the Trust to Dale and Edith Sundby; (4) the Trust Assigned all claims from the Trust to Dale and Edith Sundby; (5) Federal Rule of Civil Procedure 17(a)(3) permits the Sundbys to proceed as the real party in interest; and (6) the harm the Sundbys' experienced is traceable to Defendants' conduct. ECF No. 134, at 13-15.

### A. Rule 12(b)(1)

To establish Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). This case primarily concerns injury in fact, the "'[f]irst and foremost' of standing's three elements." *Id.* (quoting *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 103 (1998)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)).

The California Court of Appeals has noted that a post-foreclosure wrongful foreclosure plaintiff must plead an ownership interest in the property to confer standing. *See Hacker v. Homeward Residential, Inc*., 26 Cal. App. 5th 270, 278-79 (2018) ("Hacker failed there to plead an ownership interest in the property sufficient to confer standing.").

23-CV-01239-GPC-AHG

Federal courts in this Circuit have interpreted California wrongful foreclosure law similarly: "The party attacking the foreclosure sale must have had some interest in the foreclosed property." *Shetty v. JPMorgan Chase Bank*, No. CV-16-8986-MWF-JPRX, 2017 WL 4685547, at *4 (C.D. Cal. June 23, 2017), *aff'd sub nom. Shetty v. JPMorgan Chase Bank, N.A.*, 735 F. App'x 398 (9th Cir. 2018) (finding that, where plaintiff lacked ownership interest and was not borrower on the loan, "Plaintiff did not have any interest in the Property and did not suffer any injury from the foreclosure."); *see also Sundby v. Landau*, 2025 WL 1090165, at *3 (finding that the Sundbys lacked ownership in the Property and therefore lacked standing to assert claims relating to the foreclosure of the Property).

Here, the FAC alleges that the Trust was the borrower on the relevant loan documents, *see* ECF No. 128, ¶¶ 33-61, and does not allege that the Sundbys, as individuals, had any ownership interest in the Property at the time of the foreclosure. Exhibits attached to the FAC demonstrate that Dale and Edith Sundby signed the relevant loan documents in their capacity as Trustees, *see*, *e.g.*, ECF No. 128, at 30-31, and that the Property's title was vested in the Trust, ECF No. 128, at 69. Thus, taking the allegations in the FAC as true, FAC demonstrates that the Sundbys, in their individual capacities, did not have any ownership interest in the Property at the time of the foreclosure. As a result, FAC has not shown that the alleged wrongful foreclosure violated the Sundbys' legally protected interests where the harm alleged is the loss of the Property, *see* ECF No. 128, ¶¶ 153, 174, 195, 215. In sum, the Sundbys have not established that they suffered an injury in fact necessary to convey Article III standing as related to their wrongful foreclosure claims. *See Shetty*, 2017 WL 4685547, at *4; *Hacker*, 26 Cal. App. 5th at 278-79; *Lundy v. Selene Fin., LP*, No. 15-CV-05676-JST, 2017 WL 2652048, at *4 (N.D. Cal. June 20, 2017) ("Plaintiff cannot demonstrate standing [for wrongful foreclosure claim] through the loss of the subject property," because "he gave up his ownership interest in that property."); *Bianchi v. Bank of Am., N.A.*, No. 12CV750-MMA MDD, 2012 WL 11946982, at *2 (S.D. Cal.

May 17, 2012) (finding plaintiff lacked standing to bring wrongful foreclosure claim where she lacked any ownership interest in the property). *C.f. Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868, 873 (11th Cir. 2010) (dismissing plaintiff's complaint alleging TILA violations because plaintiff "fail[ed] to establish Article III standing, because [plaintiff] was not a borrower or otherwise obligated on the . . . loan and, therefore, did not suffer an injury-in-fact.").

The Sundbys' arguments to the contrary are unsuccessful. As an initial matter, it is not enough that the Sundbys have generally alleged that they were "harmed by the wrongful foreclosure." ECF No. 128, ¶¶ 152, 173, 194, 214. This is not the type of "injury" that may convey Article III standing. Rather, "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized[.]'" *Spokeo, Inc.*, 578 U.S. at 339 (quoting *Lujan,* 504 U.S. at 560). Because the FAC demonstrates that the Sundbys were not the borrowers on the loan nor the owners of the Property, they lacked a "legally protected interest" in the Property as related to the wrongful foreclosure claims they now seek to raise. *See Shetty*, 2017 WL 4685547, at *4; *Hacker*, 26 Cal. App. 5th at 278-79. The Sundbys have also not established standing by alleging that "[t]he harm included the loss of Plaintiffs' . . . property." ECF No. 128, ¶¶ 153, 174, 195, 215. Indeed, the Sundbys "cannot demonstrate standing through the loss of the subject property," when they had no ownership interest in that Property. *See Lundy*, 2017 WL 2652048, at *4. Thus, the Sundbys' general allegation of "harm" is not enough to demonstrate the Sundbys' Article III standing in their individual capacities. This remains true even though the Sundbys allege that the "harm" they experienced is "traceable" to Defendant Fidelity. ECF No. 134, at 15.

The Sundbys' reliance on a quitclaim deed from the Trust to the Sundbys also fails. As an initial matter, the Sundbys do not refer to the quitclaim deed in their FAC. *See generally* ECF No. 128. Though the declaration regarding the quitclaim deed is on the docket, ECF No. 50, the Court generally does not consider documents located elsewhere

11

on the docket when assessing the sufficiency of an operative pleading. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."). While this rule has some exceptions, none apply here. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice— without converting the motion to dismiss into a motion for summary judgment."). Regardless of this pleading deficiency, multiple courts, including this one, have rejected the Sundbys' argument that the quitclaim deed of the Trust's interest in the Property from the Trust to the Sundbys conveyed an ownership interest sufficient to establish standing for the Sundbys' foreclosure-related claims. *See Sundby v. Marquee Funding Grp., Inc.*, 2026 WL 559772, at *4; *Sundby v. Landau*, 2025 WL 1090165, at *3-*4; *Sundby v. San Diego County Sheriff's Department*, 2026 WL 673819, at *5. The quitclaim deed from the Trust to the Sundbys was executed after the completion of the foreclosure sale. *See* ECF No. 50, at 2. "[S]ubsequent attempts to transfer property previously conveyed are ineffective because the grantor no longer owns the property." *Shetty*, 2017 WL 4685547, at *4 (citation omitted). Thus, the quitclaim deed did not transfer any ownership interest to the Sundbys. The Court again concludes that the quitclaim deed fails to establish that the Sundbys have standing. *See Sundby v. Marquee Funding Group*, 2026 WL 559772, at *4.

The Sundbys' arguments regarding the Assignment also fall short. Though the Sundbys premised their motion for leave to file a first amended complaint on the purported Assignment from the Trust to the Sundbys, the Sundbys failed to plead any facts relating to the Assignment or attach the Assignment to their amended complaint. *See generally* ECF No. 128. "In an action involving an assignment, a court must ensure that the plaintiff-assignee is the real party in interest with regard to the particular claim involved by determining: (1) what has been assigned; and (2) whether a valid assignment has been

12

made." *In re Brooms,* 447 B.R. 258, 265 (9th Cir. 2011). Thus, a plaintiff must plead sufficient allegations in his complaint that an assignment has been made and that it is valid. *Id.*; *see also MAO-MSO Recovery II, LLC v. Mercury Gen.*, No. CV 17-02525-AB-AJW, 2017 WL 5086293, at *4 (C.D. Cal. Nov. 2, 2017); *Thomas Land & Dev., LLC v. Vratsinas Constr. Co.*, No. 18-CV-1896-AJB-NLS, 2020 WL 3791676, at *6 (S.D. Cal. July 7, 2020). Here, the Sundbys have pleaded no facts to support the assignment. *See generally* ECF No. 128. "Rather, it is only offered as an argument in [the Sundbys'] [o]pposition" to Defendant's motion to dismiss. *See MAO-MSO*, 2017 WL 5086293, at *4. "Therefore, the Court cannot assume as true that the assignment was made." *Id.* Additionally, as with the quitclaim deed, the fact that the Assignment lives elsewhere on the docket—ECF No. 114, at 8—is generally not relevant to a court's assessment of the sufficiency of an operative pleading. *See Khoja*, 899 F.3d at 998.

Finally, the Sundbys' Rule 17(a)(3) arguments are also unsuccessful. Rule 17(a)(3) counsels that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest" until the court provides an opportunity for the real party in interest to join. Fed. R. Civ. P. 17(a)(3). The Rule exists to "prevent forfeiture of a claim when an honest mistake was made" as to the real party in interest. *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017) (quoting *Goodman* v. *United States*, 298 F.3d 1048, 1054 (9th Cir. 2002)). As an initial matter, the moving Defendants have challenged the Sundbys' Article III standing, not just the Sundbys' prudential standing under Rule 17(a). *See Kent v. N. California Reg'l Off. of Am. Friends Serv. Comm.*, 497 F.2d 1325, 1329 (9th Cir. 1974) ("Rule 17(a) does not give them standing; 'real party in interest' is very different from [constitutional] standing."). However, even if the Court was compelled to dismiss the action under Rule 17(a), Rule 17(a)(3) would not save the Sundbys' claims. No "honest mistake" regarding the real party in interest was made here. *Jones*, 873 F.3d at 1128 (quoting *Goodman*, 298 F.3d at 1054). The Sundbys initially brought this action in their individual capacities and in their capacities as trustees. The Sundbys then (1)

13

attempted to assign the Trust's claims to the Sundbys and (2) amended the complaint to remove the Trust from the action. Thus, the initial plaintiffs—the Sundbys in their capacities as trustees—were the real parties in interest and there was no "understandable" error at play. *See Jones*, 873 F.3d at 1128. The situation here is not the type contemplated by Rule 17(a)(3), and relief under Rule 17 is unavailable.

The Court concludes that the FAC fails to demonstrate that the Sundbys suffered an injury in fact necessary to establish Article III standing for their wrongful foreclosure claims where the foreclosed-upon Property belonged to the Trust. Thus, the Court GRANTS the Moving Defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

**B. Rule 12(b)(6)**

Even if the Sundbys established Article III standing—which the Court determines they have not—dismissal is appropriate under Rule 12(b)(6) because the Sundbys have failed to satisfy the narrower prudential standing requirements of Federal Rule of Civil Procedure 17(a). *Doe v. Hamburg*, No. C-12-3412, 2013 WL 3783749, at *5 (N.D. Cal. July 16, 2013) ("While constitutional standing is evaluated under [Rule] 12(b)(1), prudential standing is evaluated under Rule 12(b)(6)."); *see also Arias v. Select Portfolio Servicing, Inc.*, No. 1:17-CV-01130-DAD-SAB, 2018 WL 1518676, at *3 (E.D. Cal. Mar. 28, 2018). In addition to Article III standing, courts also "require as a prudential matter that [a plaintiff] assert his own legal interests as the real party in interest." *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004). Notably, "not every party who meets the standing requirements is a real party in interest." *In re Veal*, 450 B.R. 897, 907 (B.A.P. 9th Cir. 2011) (quoting 4 *Moore's Federal Practice* § 17.10[1], at p. 17–15 (3d ed. 2010)). "Most real party in interest inquiries focus on whether the plaintiff or movant holds the rights he or she seeks to redress." *Id.* at 908.

Based on the allegations and exhibits in the FAC, the Court joins others in finding that the Sundbys have failed to establish that they, in their individual capacities, rather than

14

the Trust, are the real parties in interest for claims relating to the foreclosure of the Property. *See Sundby v. San Diego Cnty. Sheriff's Dep't*, 2026 WL 673819, at *5; *Sundby v. Landau*, 2025 WL 1090165, at *3-*4; *See Sundby v. Landau*, No. 3:25-cv-00668-WQH-BJW, Dkt. No. 27, at 11-12. This Court agrees with Judge Scarsi in the Central District of California in finding that "the [T]rust is only party with interest to bring claims related to the foreclosure of the [P]roperty" where the asserted injury is the loss of the Property. *Sundby v. Landau*, 2025 WL 1090165, at *4.

Further, Rule 17(a)(3) does not require that the Court provide the Sundbys with the opportunity to substitute or join the Trust as the real party in interest, as the Sundbys have already had the opportunity to pursue this action on behalf of the Trust and have declined to do so by amending their complaint.

## II.    The Dismissal Is With Prejudice And Without Leave To Amend

The Court granted the Sundbys leave to file a first amended complaint on the grounds that (1) the Sundbys had alleged a novel theory to cure their standing deficiencies (the Assignment), and (2) Fidelity failed to address that theory. ECF No. 127. Given the Sundbys' pro se status and Fidelity's failure to challenge the validity of the Assignment, the Court declined to sua sponte assess the futility of the Assignment at the leave to amend stage.

However, the Court has now provided the Sundbys an opportunity to amend their complaint to introduce the Assignment as a mechanism to cure the standing and capacity issues identified by this and other Courts. The Sundbys have failed to do so. Thus, before the Court considers providing the Sundbys with another chance to amend, the Court will assess whether the Assignment could fix the Sundbys' standing defects, or whether a subsequent opportunity to amend to plead facts relating to the Assignment would be futile. *See Corbett v. Pharmacare U.S., Inc.*, 544 F. Supp. 3d 996, 1013 (S.D. Cal. 2021) ("[W]here leave to amend would be futile, the Court may deny leave to amend.").

The Court finds that any subsequent amendment would be futile. The Sundbys' only standing argument that has yet to be considered and rejected by this Court or others is that regarding the Assignment. The Court now finds that, even if the Sundbys' complaint included allegations regarding the Assignment, it would not cure the jurisdictional defects.

A party cannot use an Assignment as a means to circumvent a representation requirement. This rule is regularly applied when a corporation assigns its claims to an individual to avoid legal representation. *See In re Heal*, 442 B.R. 137 (Bankr. N.D. Cal. 2010) ("[A] non-lawyer may not appear nominally on his own behalf if the outcome might benefit third parties. . . . The statute may not be circumvented through a purported assignment of claims." (internal citations omitted)); *Kraft v. Chevron Corp*., No. CV-21-00575-PHX-DJH, 2021 WL 5882626, at *3 (D. Ariz. Dec. 10, 2021) ("Plaintiff may not circumvent the longstanding rule requiring corporations to appear through counsel by a purported assignment of the corporations' claims."); *Kraft v. Tulare Cnty*., No. 121CV00768JLTSKO, 2023 WL 2655851, at *2 (E.D. Cal. Mar. 27, 2023) ("[A]ssigning claims does not permit circumvention of the long-standing rule that a corporation may not be represented by a *pro se* individual."); *ISA Plus, LLC v. Prehired, LLC*, No. 3:22-CV-01211-JAH-JLB, 2025 WL 2677392, at *2 (S.D. Cal. Sept. 18, 2025) ("Jordan's attempt to perform the role of an attorney and circumvent this requirement is neither original nor persuasive. Other district courts within the Ninth Circuit have rejected this form of legal gamesmanship."); *In re Kermit Douglas Brooms*, No. ADV. 09-4584 AJ, 2010 WL 785930, at *1 (Bankr. N.D. Cal. Mar. 5, 2010), *subsequently aff'd sub nom. In re Brooms*, 447 B.R. 258 (B.A.P. 9th Cir. 2011), *aff'd*, 520 F. App'x 569 (9th Cir. 2013) ("And significantly for present purposes, litigants may not circumvent the foregoing [representation] rules through a purported assignment of claims."). The Ninth Circuit has also discouraged assignment as a means of circumventing a court order. *See United States v. Two Cessna 210 Aircraft*, 933 F.2d 1018 (9th Cir. 1991) (unpublished table decision).

23-CV-01239-GPC-AHG

Other Circuits have found similarly. *See, e.g., Pridgen v. Anderson*, 113 F.3d 391, 393 (2d Cir. 1997) (a *pro se* litigant "may not assert pro se a claim that has been assigned to the litigant by a corporation"); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("[w]e see no reason to permit any evasion of the general rule [requiring entities to have licensed counsel] by the simple expedient of the assignment of corporate claims to the *pro se* plaintiff"). The Seventh Circuit invalidated an assignment that was against Illinois public policy where a plaintiff was using assignment "to attempt to engage in the unauthorized practice of law." *Todd v. Franklin Collection Serv., Inc.*, 694 F.3d 849, 851 (7th Cir. 2012).

The Ninth Circuit has made clear that "[a] trustee may not represent a trust *pro se* in federal court." *Sundby v. Marquee Funding Grp., Inc.*, No. 21-55504, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022). California courts have held the same: "A non-attorney trustee who represents the trust in court is representing and affecting the interests of the beneficiary and is thus engaged in the unauthorized practice of law." *Ziegler v. Nickel*, 64 Cal. App. 4th 545, 549 (1998).[4]

The Sundbys are familiar with this rule. It has been applied to them by this Court and others across multiple lawsuits pertaining to the foreclosure at issue here. *See supra* Background—IV: The Sundbys' Other Litigation. Thus, the Court finds that the Sundbys' purported Assignment is a "veiled attempt to avoid the rule from being applied to [them]." *Kraft*, 2023 WL 2655851, at *2 (internal quotation marks omitted). Allowing the Sundbys

---

[4] Courts have noted the potential exception to this rule if the plaintiff demonstrates that he is the "beneficial owner" of the trust's claims. *See Sundby v. San Diego Sherriff's Dep't*, 2025 WL 1557323, at *4 (citing cases). However, as applied to the Sundbys' claims, this Court—and others—have found that the Trust must obtain legal counsel "before the Court may consider any arguments on behalf of the Trust, including arguments regarding Plaintiff's ability to represent the Trust pro se." *Id.*; *Sundby v. Marquee Funding Grp.*, 2023 WL 256168, at *4; *Sundby v. Landau*, 2025 WL 1090165, at *4.

to acquire standing through the purported Assignment would simply allow them to utilize assignment as a tool to circumvent a representation requirement enshrined in both state and federal law. The Court declines to do so. Accordingly, any amendment to the Sundbys' complaint which may seek to rectify standing deficiencies through the purported Assignment would be futile.

Further, the FAC and the materials attached thereto clearly demonstrate that the Trust, not the Sundbys, was the borrower on the relevant loan documents and had the ownership interest in the Property at the time of the foreclosure. Aside from allegations regarding the quitclaim deed and Assignment—both of which have been considered and rejected by the Court—the Sundbys have provided no indication as to what additional facts they could add to cure the Article III or prudential standing deficiencies of the FAC. Considering the information before it, the Court finds that there are none.

The Sundbys' claims are therefore DISMISSED WITH PREJUDICE and without leave to amend.

### III.    The Dismissal Extends To The Non-Joined Defendants

The Court has determined that the Sundbys, in their individual capacities, lack Article III standing to assert their wrongful foreclosure claims. Specifically, the Sundbys cannot establish an injury in fact: Because the Sundbys have never possessed an ownership interest in the Property, they cannot establish any invasion of a legally protected interest related to their wrongful foreclosure claims where the harm alleged is the loss of the Property. *Shetty*, 2017 WL 4685547, at *4 (where plaintiff lacked ownership interest and was not borrower on the loan, "Plaintiff did not have any interest in the Property and did not suffer any injury from the foreclosure."); *Lundy*, 2017 WL 2652048, at *4 ("Plaintiff cannot demonstrate standing [for wrongful foreclosure claim] through the loss of the subject property," because "he gave up his ownership interest in that property."). This lack of Article III standing "requires dismissal for lack of subject matter jurisdiction." *Maya*, 658 F.3d at 1067.

18

23-CV-01239-GPC-AHG

The Sundbys' lack of Article III standing applies to all their wrongful foreclosure claims against all Defendants. The Federal Rules of Civil Procedure provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Such a dismissal must occur, whether it is upon a party's motion or sua sponte. *Pac. Surgical Inst. of Pain Mgmt., Inc. v. Kennedy*, 779 F. Supp. 3d 1148, 1155 (S.D. Cal. 2025). ("When a court lacks subject matter jurisdiction, it must dismiss the action, either upon a party's motion or sua sponte."). Thus, although only a portion of all Defendants are a party to the fully briefed motion to dismiss now before the Court, ECF No. 130, the Court DISMISSES the Sundbys' claims against all Defendants. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (the court may "dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related").[5]

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- The Moving Defendants' motion to dismiss the Sundbys' claims pursuant to Federal Rule of Civil Procedure 12(b)(1), ECF No. 130, is GRANTED WITH PREJUDICE and without leave to amend.

- Because the reasons for dismissal are not specific to the Moving Defendants, the Court DISMISSES the action as to ALL DEFENDANTS.

---

[5] The Court notes that this course of action—dismissing the Sundbys' claims as to both the Moving Defendants and those Defendants not party to the motion—would be appropriate whether the Court dismissed the claim for lack of subject matter jurisdiction under Rule 12(b)(1) or failure to state a claim under Rule 12(b)(6). *See See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6).").

23-CV-01239-GPC-AHG

- The Court VACATES the hearing set for May 29, 2026, *see* ECF No. 131. The Sundbys' motion to continue the hearing, ECF No. 181, is DENIED as moot. All pending motions to appear remotely at the hearing—ECF Nos. 179, 180—are also DENIED as moot.

- All other pending motions to dismiss—ECF Nos. 154, 163—are DENIED as moot.

IT IS SO ORDERED.

Dated:  May 28, 2026

Hon. Gonzalo P. Curiel
United States District Judge

20

23-CV-01239-GPC-AHG