**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DALE SUNDBY and EDITH LITTLEFIELD SUNDBY,

Plaintiffs,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY; MARQUEE FUNDING GROUP, INC.; PLATINUM LOAN SERVICING, INC.; SCOT FINE; RYAN JOE (R.J.) SOLOVY; TROY H. SLOME; JEFFREY MYERS; KATHLEEN MYERS; ANDRES SALSIDO, TRUSTEE; BENNING MANAGEMENT GROUP 401(K) PROFIT SHARING PLAN; CHRISTOPHER MYERS; VICKIE MCCARTY; DOLORES THOMPSON; KIMBERLY GILL RABINOFF; EQUITY TRUST COMPANY, CUSTODIAN FBO STEVEN M. COBIN TRADITIONAL IRA; TODD B. COBIN, TRUSTEE; BARBARA A. COBIN, TRUSTEE; FASACK INVESTMENTS LLC; STEVEN M. COBIN, TRUSTEE; SUSAN L. COBIN, TRUSTEE; and DOES 1-X, inclusive,

Defendants.

Case No.: 3:23-cv-01239-GPC-AHG

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR PREFILING ORDER FINDING EDITH SUNDBY A VEXATIOUS LITIGANT**

**[ECF No. 159]**

Before the Court is Defendant Marquee Funding Group, Inc.'s motion for an order (1) declaring Edith Sundby a vexatious litigant and (2) entering a pre-filing order requiring Edith Sundby to obtain leave of this Court before filing new claims or motions related to the events underlying this litigation in the Southern District of California. ECF No. 159.[1] The Court finds the matter suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1) and therefore VACATES the hearing set for August 7, 2026. For the reasons set forth below, the Court DENIES the motion without prejudice.

## BACKGROUND

Defendant Marquee Funding Group, Inc. ("Defendant" or "Marquee") filed this motion concurrently with a motion in Case No. 3:19-cv-390-GPC-AHG ("Case 390") seeking the same relief against Dale Sundby, Edith's co-Plaintiff in this case. Case No. 390, ECF No. 460. In adjudicating that motion, the Court provided a detailed overview of each federal case filed by the Sundbys—including those where Dale is the sole plaintiff and those where Dale and Edith are both plaintiffs. *See* Case No. 390, ECF No. 486, at 2–9. The Court will not repeat the full background here. However, the Court will briefly mention the aspects of the Sundbys' litigation history where Edith is directly involved.[2]

---

[1] Record citations will be to the record for the instant case, Case No. 3:23-cv-1239, unless the citation indicates otherwise. When citing to the record in other cases, the ECF citation will be preceded by the relevant abbreviated case number. For example: Case No. 390, ECF No. 1.

[2] Defendant requests judicial notice of various court orders, memorandum dispositions, motions, and dockets from across the Sundby litigation. ECF No. 159-4. The Court may take judicial notice of court filings. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). Accordingly, the Court grants Defendant's request for judicial notice. However, it takes notice of each document "not for the truth of the facts recited therein, but for the existence of the opinion [or filing.]" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (citation omitted).

Of the seven related federal court cases broadly arising from the same underlying loan documents and subsequent foreclosure of the Sundbys' La Jolla, California residence ("the Property"), Edith is a co-plaintiff in three: this case, Case No. 3:23-cv-1239-GPC-AHG; Case No. 2:24-cv-5790-MCS-BFM; and Case No. 2:24-cv-7276-MCS-BFM. Edith has appeared in each case in her individual capacity.[3]

In two of the four cases where Edith is not a plaintiff, she has moved to intervene. On December 22, 2023, Edith filed a motion to intervene in Case No. 3:21-cv-2013-GPC-AHG, which the Court struck from the record. Case No. 2013, ECF No. 69, 70. On January 31, 2024, Edith filed a notice of appeal as a proposed intervenor. Case No. 2013, ECF No. 73. The Ninth Circuit affirmed this Court's striking of Edith's motion. Case No. 390, ECF No 395-1, at 2–3.

On December 11, 2023, Edith sought to intervene in Case No. 3:19-cv-390-GPC-AHG. Case No. 390, ECF No. 388. The Court denied the motion while the appeal was pending. Case No. 390, ECF No. 389. On November 4, 2025, Edith again moved to intervene in Case 390. Case No. 390, ECF No. 401. The Court again denied intervention. Case No. 390, ECF No. 440.

**LEGAL STANDARD**

It is well-established that "[f]ederal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. Thus, "[p]ursuant

[3] Though Edith originally appeared in this case in her individual capacity and in her capacity as trustee, the First Amended Complaint made it such that Edith now appears only in her individual capacity. *Compare* ECF No. 1, *with* ECF No. 128.

to the All Writs Act, 28 U.S.C. § 1651(a), 'enjoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction' that courts may impose." *Ringgold-Lockhart*, 761 F.3d at 1061 (alteration in original) (quoting *De Long*, 912 F.2d at 1147).

However, "pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1057 (9th Cir. 2007). "Further, courts should exercise particular caution before using such measures against a pro se plaintiff." *In re Greenstein*, 576 B.R. 139, 186 (Bankr. C.D. Cal. 2017), *aff'd*, 589 B.R. 854 (C.D. Cal. 2018), *aff'd*, 788 F. App'x 497 (9th Cir. 2019).

In *De Long v. Hennessey*, the Ninth Circuit "outlined four factors for district courts to examine before entering pre-filing orders." *Molski*, 500 F.3d at 1057.

> First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile "an adequate record for review." Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered."

*Molski*, 500 F.3d at 1057 (citations omitted). The first two factors speak to "procedural considerations" that the district court must attend to before imposing a pre-filing order, and the second two are "substitutive considerations" that "help the district court define who is, in fact, a 'vexatious litigant.'" *Id.* at 1058.

**DISCUSSION**

Defendant begins its motion by stating that "[t]his motion has a precise and limited purpose: to close the circumvention avenue that would remain open if a prefiling order issues against Dale Sundby alone." ECF No. 159-1, at 4. Essentially, Defendant states that its primary motivation in seeking a pre-filing order against Edith Sundby would be to further limit Dale Sundby's access to the courts if Dale is subject to a pre-filing order. Defendant continues: "If a prefiling order issues against Dale Sundby only, Edith remains an unrestricted filing vehicle for the same claims

against the same defendants arising from the same transactions." ECF No. 159-1, at 4.

The Court agrees with Plaintiffs that it would be inappropriate to enter a pre-filing order against Edith based primarily on (1) her husband's litigation conduct, and (2) Defendant's speculation that Dale Sundby might use Edith Sundby to circumvent a pre-filing order against him. ECF No. 161, at 8, 11.

Defendant continues that Edith's own conduct is sufficient to merit a pre-filing order against her, but the Court is unconvinced. This Court has already decided that a pre-filing order against Dale Sundby would be inappropriate at this time. *See generally* Case No. 390, ECF No. 486. The Court summarized its decision as follows:

> Mr. Sundby's filings appear made with a good faith expectation of prevailing, and his arguments are not uniformly patently without merit. There is also no evidence that Mr. Sundby's conduct displays an intent to harass as opposed to mere litigiousness. Further, Mr. Sundby has not previously been put on notice that his conduct might result in a pre-filing order restricting his access to the courts, and the courts have yet to exercise lesser sanctions in an attempt to deter Mr. Sundby's conduct. Thus, it is not at all clear that a pre-filing order—an "extreme remedy that should rarely be used"—would be appropriate at this juncture. *Molski*, 500 F.3d at 1057.

Case 390, ECF No. 486, at 20–21. Thus, it follows that a pre-filing order against Edith Sundby—whose litigation record is less extensive than Dale's—would also be inappropriate at this time. The Court declines to declare Edith a vexatious litigant or enter a pre-filing order against her.[4]

---

[4] Though the Court finds in Edith's favor, the Court does not believe Defendant's motion was baselessly or improperly filed nor that it lacked evidentiary support. Thus, the Court declines Plaintiffs' invitation to pursue Rule 11(c)(3) review of Defendant's conduct. ECF No. 161, at 17–18.

The same applies to Plaintiffs' objection to Defendant's reply brief. ECF No. 189. The Court takes note of the misstatements contained in the Defendant's briefing and does not consider the inaccurate statements in its analysis. The Court further notes

However, the Court offers Edith the same warnings that it offered to her husband: Should Edith continue to raise claims and file motions that ask defendants to litigate and the courts to adjudicate arguments that have been uniformly considered and rejected by three federal judges—including those relating to Mr. Sundby's capacity to represent the Trust pro se, the Sundbys' standing to bring claims related to the foreclosure of the Property in their individual capacities, and the efficacy of the assignment and quitclaim deed from the Trust to the Sundbys in conveying standing—the Court may impose Rule 11 sanctions to deter such repetitious conduct or reconsider its current stance regarding the frivolous and vexatious nature of Edith's litigation practice.[5] The Court further cautions Edith that if she continues to file new lawsuits related to the same underlying events as those at issue here—the underlying loans and subsequent foreclosure of the Property and the related unlawful detainer proceedings—the Court may consider such new suits in a future order assessing vexatiousness.

The Court advises Edith to read the entirety of its order entered in Case 390 providing a more extensive analysis of her husband's litigation conduct and the aspects that veer towards frivolousness. Case No. 390, ECF No. 486.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant Marquee's motion for an order declaring Edith Sundby a vexatious litigant and entering a pre-filing order against her. ECF No. 159. The denial is without prejudice to refiling if certain aspects of Edith's conduct—identified herein—should continue.

IT IS SO ORDERED.

---

that Defendant has made an effort to correct the misstatements. ECF No. 190. Accordingly, the Court does not find sanctions to be appropriate and declines to strike the Notice of Errata, ECF No. 190, from the record or enter the order to show cause requested by Plaintiffs, ECF Nos. 189, 191.

[5] "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

Dated: August 3, 2026

Hon. Gonzalo P. Curiel
United States District Judge