**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DALE SUNDBY and EDITH LITTLEFIELD SUNDBY,

Plaintiffs,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY; MARQUEE FUNDING GROUP, INC.; PLATINUM LOAN SERVICING, INC.; SCOT FINE; RYAN JOE (R.J.) SOLOVY; TROY H. SLOME; JEFFREY MYERS; KATHLEEN MYERS; ANDRES SALSIDO, TRUSTEE; BENNING MANAGEMENT GROUP 401(K) PROFIT SHARING PLAN; CHRISTOPHER MYERS; VICKIE MCCARTY; DOLORES THOMPSON; KIMBERLY GILL RABINOFF; EQUITY TRUST COMPANY, CUSTODIAN FBO STEVEN M. COBIN TRADITIONAL IRA; TODD B. COBIN, TRUSTEE; BARBARA A. COBIN, TRUSTEE; FASACK INVESTMENTS LLC; STEVEN M. COBIN, TRUSTEE; SUSAN L. COBIN, TRUSTEE; and DOES 1-X, inclusive,

Defendants.

Case No.: 3:23-cv-01239-GPC-AHG

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION**

**[ECF No. 185]**

Before the Court is Dale and Edith Sundby's ("the Sundbys") motion for reconsideration of this Court's May 28, 2026, order dismissing the Sundbys' claims with prejudice as to all Defendants. ECF No. 185. The Court finds that the matter is appropriate for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, Plaintiffs' motion for reconsideration is granted in part and denied in part.

## BACKGROUND

The background of this case is outlined in this Court's previous orders. *See* ECF No. 182, at 4–6; *Sundby v. Fid. Nat'l Title Ins. Co.*, No. 23-CV-01239-GPC-AHG, 2026 WL 1494239, at *1–*3 (S.D. Cal. May 28, 2026). The Court will repeat only the facts relevant to the motion now before it.

On February 13, 2026, the Sundbys filed their First Amended Complaint ("FAC") in this case. ECF No. 128. While the Sundbys were previously plaintiffs in this case in both their individual capacities and their capacities as trustees, *see* ECF No. 1, the FAC amended the complaint such that they are now proceeding only in their individual capacities, ECF No. 128.

The Sundbys' FAC alleges four wrongful foreclosure causes of action relating to the loss of a home located at 7740-46 Eads Avenue, La Jolla, California ("the Property"). This lawsuit is one of many brought by the Sundbys relating to the same underlying loan documents and subsequent foreclosures. *See Sundby v. Fid. Nat'l Title Ins. Co.*, 2026 WL 1494239, at *2–*3 (explaining other litigation). In other cases, many of the Sundbys' claims have faced dismissal because (1) the Trust is the real party in interest with standing to assert the foreclosure-related claims and (2) the Sundbys cannot represent the Trust pro se. *See id.*

In three separate motions to dismiss, all Defendants in this case moved to dismiss the Sundbys' claims. ECF Nos. 130, 1154, 163. Each motion to dismiss alleged that the Sundbys lacked standing to bring their claims in their individual capacities. *Id.*

In opposing the motions to dismiss, the Sundbys relied on a theory that the Trust had transferred its right to bring the foreclosure-related claims to the Sundbys as individuals through both a quitclaim deed and an assignment of claims. *See* ECF Nos. 134, 164, 175. The FAC did not include any facts about the quitclaim deed nor the assignment. ECF No. 128.

On May 28, 2026, the Court dismissed the Sundbys' complaint with prejudice and without leave to amend. *Sundby v. Fid. Nat'l Title Ins. Co.*, 2026 WL 1494239, at *7–*10. The Court noted that, per the allegations in the FAC, the Trust was the borrower on the loan, the Sundbys had no ownership interest in the Property, the Sundbys signed the relevant loan documents in their capacities as Trustees, and the property's title was vested in the Trust. *Id.* at *5. Thus, the Court found that that the allegations of the FAC did not show that the Sundbys, in their individual capacities, had suffered an injury in fact related to the wrongful foreclosures. *Id.* at *5–*7. Relatedly, the Court found that the Sundbys were not the real parties in interest to pursue the wrongful foreclosure claims. *Id.* at *7

In denying leave to amend, the Court considered the Sundbys' theories regarding the quitclaim deed and the Assignment. The Court determined that the quitclaim deed was executed after the completion of the foreclosure sale and therefore did not transfer any ownership interest in the Property to the Sundbys. *Id.* at *6. The Court next determined that the assignment of claims from the Trust to the Sundbys was an invalid attempt to avoid the Trust representation requirement, and that the assignment did not effectively make the Sundbys the real parties in interest to pursue the wrongful foreclosure claims. *Id.* at *8–*9. Thus, the Court found that there were no amendments the Sundbys could make to the FAC that would rectify the identified standing issues. *Id.* at *9.

Lastly, because the dismissal was based on standing issues—both constitutional and prudential—that applied to each of the Sundbys' claims against all

Defendants, the Court dismissed the claims as to all Defendants, including those not joined to the motion then before the Court. *Id.* at *9–*10.

The Sundbys' now move for reconsideration of the Court's dismissal. ECF No. 185.

**LEGAL STANDARD**

The Sundbys move for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(1). ECF No. 185, at 2.[1] Rule 60(b)(1)[2] permits reconsideration upon a showing of "mistake inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Specifically, the Sundbys argue that the Court made the mistake of "legal error." ECF No. 185, at 8.

"Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Sherman v. Yahoo! Inc.*, 997 F. Supp. 2d 1129, 1139 (S.D. Cal. 2014) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A motion for reconsideration "does not give parties a 'second bite at the apple.'" *Stafford v. Rite Aid Corp.*, No. 3:17-cv-01340-AJB-JLB, 2020 WL 6018941, at *2, at *7 (S.D. Cal. Sep. 28, 2020) (quoting *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001)). Thus, a motion for reconsideration may not "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc.*, 229 F.3d at 890). Moreover, "[a] motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is

[1] Page numbers are based on CM/ECF pagination.

[2] "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

dissatisfied with the original outcome." *Id.* (quoting *FTC v. Neovi, Inc.*, No. 06-cv-1952-JLS-JMA, 2009 WL 56130, at *2 (S.D. Cal. Jan. 7, 2009)).

Due to the extraordinary nature of reconsideration, a motion for reconsideration should not be granted absent "highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Whether to grant a motion for reconsideration lies within the sound discretion of the reviewing court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## DISCUSSION

The Sundbys' motion for reconsideration is based on the argument that the Court committed legal errors in its May 28, 2026, order. Specifically, the Sundbys challenge (1) the Court's findings regarding standing; (2) the Court's denial of Rule 17(a) relief; (3) the Court's dismissal of Plaintiffs' claims as to the non-moving Defendants; and (4) the Court's dismissal of the claims with prejudice. The Court addresses each in turn.

### I. Standing

The Sundbys argue that the Court committed legal error in finding that the Sundbys' FAC did not establish constitutional or prudential standing and that the Sundbys could not further amend their complaint to establish standing. Specifically, the Sundbys argue that (1) the Sundbys have standing in their individual capacities because the Promissory Note attached to the FAC personally obligated the Sundbys, and (2) the right to bring the wrongful foreclosure claims at issue is a "chose in action" which was transferred from the Trust to the Sundbys via quitclaim deed and assignment.

The first argument speaks to the sufficiency of the FAC, as it relies on documents attached to the FAC itself. The second relates to the Sundbys' arguments that amendment should be allowed because their "chose in action" theory has not been addressed and is not futile.

**A. The Promissory Note Attached to the FAC Does Not Establish That the Sundbys Have Standing to Bring the Foreclosure-Related Claims in Their Individual Capacities**

The Sundbys argue that they possess "independent and personal claims" arising from the language of the Promissory Note underlying the foreclosure of the Property. The Promissory Note ("the Note") is attached to the Sundbys' FAC. ECF No. 128, at 28–38.

As an initial matter, the Court notes that the Sundbys did not raise this argument in their oppositions to Defendants' motions to dismiss, which directly challenged the Sundbys' constitutional and prudential standing. *See* ECF Nos. 134, 164, 175. Generally, "[a] party may not raise new arguments" on a motion for reconsideration "if it could have reasonably raised them earlier." *Cooper v. Tokyo Elec. Power Co., Inc*., 166 F. Supp. 3d 1103, 1116 (S.D. Cal. 2015), *aff'd*, 860 F.3d 1193 (9th Cir. 2017). Nonetheless, the Court will briefly address Sundbys' arguments, as they do not alter the Court's analysis or show that the Court erred by finding the Sundbys' lacked standing.

The Sundbys argue that they have standing in their individual capacities because the Note—which is one of the loan documents underlying the foreclosure forming the basis of the claims in this case—contains the following language: "If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this note, including the promise to pay the full amount owed." ECF No. 185, at 11–12. The Sundbys argue that this language demonstrates that the Sundbys suffered a personal injury related to their obligations under the Note and therefore possess standing to bring the wrongful foreclosure claims at issue here.

California Probate Code states that, "unless otherwise provided in the contract . . . a trustee is not personally liable on a contract properly entered into in the trustee's fiduciary capacity . . . unless the trustee fails to reveal the trustee's representative capacity or identify the trust in the contract." Cal. Prob. Code § 18000. *See also*

*HSBC Bank USA v. Mohanna*, No. 15-CV-02130-WHO, 2015 WL 4776236, at *4 (N.D. Cal. Aug. 13, 2015). Further, "a promissory note is a form of negotiable instrument" governed by the California Commercial Code. *Saks v. Charity Mission Baptist Church*, 90 Cal. App. 4th 1116, 1132, *as modified on denial of reh'g* (Aug. 21, 2001). California Commercial Code § 3402 specifies that, when a person signs an instrument in a representative capacity, "the representative is not liable on the instrument" if the "form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument." Cal. Comm. Code § 3402(b)(1). Thus, both California Probate Code and California Commercial Code confirm that when a trustee signs a contract in his fiduciary capacity and that capacity is made clear in the trustee's signature, then the presumption is that the trustee is not personally liable.

Here, on the Promissory Note at issue, the Sundby Trust is identified above the signature line, and Edith and Dale's capacity as trustees is reiterated in both their typed names below the signature line and their handwritten signatures. *See* ECF No. 128, at 30-31. The Sundby Trust is also identified in the footer of each page of the Note. *Id.* Accordingly, the Note is clear that the Sundbys signed in their capacities as trustees, and the general rule would be that the Sundbys are not personally liable under the Note.

The Sundbys argue that the language in paragraph seven of the Note—which reads: "If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this note"—"otherwise provide[s]" for personal liability and exempts this contract from the general rules of California Probate Code § 18000 and California Commercial Code § 3402. The Court disagrees.

The language identified by the Sundbys is boilerplate language found in many template promissory notes. *See*, *e.g.*, Clifford R. Ennico, Closely Held Corporations: Forms and Checklists, § 7:35 – Promissory Note (March 2026 Update); Alan S. Gutterman & Cynthia L. Faticia, California Transactions Forms Business

Transactions, § 32:272 – Fixed Rate Real Estate Note (August 2026 Update). The Court does not find that this boilerplate language—limited to only those circumstances with multiple signatories—is intended to overcome the presumption that a trustee signing in his fiduciary capacity is not personally liable. *See* Cal. Prob. Code § 18000; Cal. Com. Code § 3401. Indeed, this Court has found only one California court decision considering the interaction between this note language and signatory capacity. That court concluded that an individual who signed a promissory note with identical language in his capacity as an LLC member retained no personal obligations under the note. *Le v. Mayhall*, No. E064600, 2017 WL 3634550, at *3 (Cal. Ct. App. Aug. 24, 2017) ("The Note does not reflect Mayhall agreed to assume personal liability for RVM's unpaid debt . . . Rather, the Note has one signature by Mayhall creating the primary obligation for RVM under the Note.").[3] *Cf. Mehl v. Wells Fargo Home Mortg. LLC*, No. 17-CV-1099-JAM-ACP, 2018 WL 1382023, at *7 (E.D. Cal. Mar. 19, 2018), *report and recommendation adopted*, No. 217CV1099JAMACPS, 2018 WL 2717049 (E.D. Cal. June 6, 2018) (finding that a promissory note with identical language obligated the plaintiffs both as trustees and individuals only when plaintiffs signed the note in their individual capacities and in their capacities as trustees).

Finding otherwise would also lead to absurd results, where a singular trustee signing a promissory note with this language would benefit from the general rule that he is protected from personal liability, but a trustee signing alongside another borrower would lose all such protections. *See Evleshin v. Meyer*, 115 Cal. App. 5th 1021, 1035–36 (2025) ("A contract that may be subject to two different interpretations" should be interpreted in a manner that avoids absurdity.).

---

[3] Though this California appellate case is unpublished, the Court finds it persuasive. *See DuFour v. Allen*, No. 14-CV-05616-CAS(SSX), 2017 WL 1433303, at *7 (C.D. Cal. Apr. 20, 2017) (finding an unpublished decision by the California Court of Appeals to be the most persuasive authority on how this Court should interpret contractual provisions in a deed of trust.).

Even if the Sundbys showed that they were personally obligated by the Note, Plaintiffs would not have established that they are the real parties in interest for the foreclosure-related causes of action at issue here. The rights the Sundbys seek to assert in this lawsuit—which includes four wrongful foreclosure causes of action—derive from the Trust's rights as owner of the subject Property. As has been held by this court and others, these claims require a plaintiff to possess an ownership interest in the property to confer standing. *Hacker v. Homeward Residential, Inc.*, 26 Cal. App. 5th 270, 278-79 (2018) ("Hacker failed there to plead an ownership interest in the property sufficient to confer standing."); *Shetty v. JPMorgan Chase Bank*, No. CV-16-8986-MWF-JPRX, 2017 WL 4685547, at *4 (C.D. Cal. June 23, 2017), *aff'd sub nom. Shetty v. JPMorgan Chase Bank, N.A.*, 735 F. App'x 398 (9th Cir. 2018) (finding that, where plaintiff lacked ownership interest and was not borrower on the loan, "Plaintiff did not have any interest in the Property and did not suffer any injury from the foreclosure."); *see also Sundby v. Landau*, 2025 WL 1090165, at *3 (finding that the Sundbys lacked ownership in the Property and therefore lacked standing to assert claims relating to the foreclosure of the Property). Because the "ownership interest lies exclusively with the [Sundbys] in their capacity as trustees . . . [P]laintiff[s] must bring suit in [their] capacity as trustee[s]." *Mehl*, 2018 WL 1392023, at *8 (finding this to be the case even where the plaintiffs were personally obligated under the Promissory Note and the causes of action "ar[o]se from events related to defendant's handling of the loan and requested loan modification.").

Accordingly, even when considering the language of the Promissory Note attached to the Sundbys' FAC, the Court does not find that it committed any legal error in concluding that the Sundbys, in their individual capacities, are not the real parties in interest with the capacity to bring their foreclosure-related claims and have not alleged an injury in fact necessary to convey Article III standing as related to those claims.

**B. The Sundbys Could Allege No Additional Facts Regarding the Quitclaim Deed or Assignment that Would Demonstrate Standing**

The Sundbys assert that the Order did not engage with "Plaintiffs' central argument," which was that the accrued foreclosure-related causes of action were transferred and assigned from the Trust to the Sundbys, as permitted by California law. ECF No. 185, at 9. While the Court disagrees that it did not engage with this argument, it will address the Sundbys' concerns by doing so again now.

As an initial matter, the Court correctly noted that the Sundbys did not plead any facts relating to the transfer or assignment of claims in their FAC. ECF No. 182, at 11–13. Thus, the Court appropriately found that the allegations of the FAC—which stated that the Trust was the borrower on the relevant loan documents and did not allege that the Sundbys had any ownership interest in the Property—were insufficient to demonstrate that the Sundbys had standing to bring their claims. Rather, the Sundby's "central argument" relates to their potential to successfully amend their complaint.

In declining to grant leave to amend, the Court concluded that an amendment to the FAC including facts about the transfer or assignment would be futile. The Court elaborates on that finding here.

In arguing that the claims were transferred from the Trust to the Sundbys, the Sundbys rely upon *U.S. v. Stonehill*. 83 F.3d 1156 (9th Cir. 1996). *Stonehill* holds that "lawsuits, as choses in action, are personal property," and that "a chose in action . . . may be transferred or assigned." 83 F.3d 1156, 1159–60 (citing Cal. Civ. Code § 954). The Sundbys argue that the choses in action that belonged to the Trust were transferred from the Trust to the Sundbys by the quitclaim deed executed in February 2023. ECF No. 185, at 9–10. However, the quitclaim deed executed from the Trust to the Sundbys explicitly quitclaimed the "described real property" located at 7740-46 Eads Avenue, La Jolla, California ("the Property"). ECF No. 50, at 4.

"Real property includes both land and things that are affixed to the land." *Vieira Enterprises, Inc. v. City of E. Palo Alto*, 208 Cal. App. 4th 584, 596 (2012), *as*

*modified on denial of reh'g* (Sept. 13, 2012) (citing Cal. Civ. Code § 658). Personal property, on the other hand, is "[e]very kind of property that is not real," Cal. Civ. Code § 663, and includes a "cause of action for damages as a result of injury to property," *Vaughn v. Dame Constr. Co*., 223 Cal. App. 3d 144, 148 (1990), *as modified* (Aug. 23, 1990). A transfer of real property does not automatically include associated personal property: indeed, "[t]here is no authority . . . for the proposition that the transfer of the real property automatically transfers [a] personal cause of action." *Id.*

Here, the quitclaim deed from the Trust to the Sundbys transferred only the "described real property." ECF No. 50, at 4. A California court of appeals has held that such language in a quitclaim deed "literally restricts the assignment to whatever rights the assignor had in the real property at the time of assignment; it does not include personal rights . . . Therefore, a reasonable interpretation of the assignment language is that it excludes any claim to personal property." *Mission Valley E., Inc. v. Cnty. of Kern*, 120 Cal. App. 3d 89, 97 (Ct. App. 1981). Such an interpretation also aligns with the California Supreme Court's observation that quitclaim deeds are generally used "for the purpose of transferring title to land," or, in other words, real property. *City of Manhattan Beach v. Superior Ct*., 13 Cal. 4th 232, 239 (1996).

To the extent that Trust's subjective intent in executing the quitclaim deed was to transfer all causes of action associated with the property, the language in the transfer—which identified "all individual and collective interest of property"—did not clearly convey such an intention. *Neal v. Juarez*, No. 06CV0055 J(JMA), 2007 WL 2140640 (S.D. Cal. July 23, 2007), *aff'd*, 301 F. App'x 683 (9th Cir. 2008) (finding quitclaim did not indicate intention to assign associated causes of action where the instrument quitclaimed "all rights, immunities, and appurtenances of whatsoever nature, by authority of assignment for [the property]."); *see also Misison Valley East*, *Inc*., 129 Cal. App at 98 ("[E]vidence of the parties' undisclosed

subjective intent is not relevant to interpreting the meaning of the language in quitclaim deeds.”).

Accordingly, the Court finds that the quitclaim deed did not effectively transfer the choses in action possessed by the Trust to the Sundbys. Allowing the Sundbys to amend the complaint to include allegations regarding the quitclaim transfer would not demonstrate that they are the real parties in interest with the right to bring the Trust’s claims.

Even if the quitclaim deed did not limit the transfer to real property and expressed a clear intent to transfer any causes of action associated with the Property, the Court has already concluded that—in these specific circumstances—such an assignment of claims from the Trust to the Sundbys is an invalid attempt to circumvent a representation requirement. ECF No. 182, at 16–18; *Sundby v. Fid. Nat'l Title Ins. Co*., No. 23-CV-01239-GPC-AHG, 2026 WL 1494239, at *8–*9 (S.D. Cal. May 28, 2026). This also applies to the subsequent Assignment and Ratification of Claims executed by the Sundby Trust. ECF No. 114, at 8.

In the order that Plaintiffs now ask the Court to reconsider, the Court determined that “the Sundbys’ purported Assignment is a veiled attempt to avoid the rule [of Trust representation] from being applied to [them],” and that “[a]llowing the Sundbys to acquire standing through the purported Assignment would simply allow them to utilize assignment as a tool to circumvent a representation requirement enshrined in both state and federal law.” ECF No. 182, at 17–18; *Sundby v. Fid. Nat’l Tit. Inss. Co.*, 2026 WL 1494239, at *9 (internal citation and quotation marks omitted). This court is not the only one to have noted that the Sundbys’ Assignment appeared to be an act of legal gamesmanship in response to the representation requirement. *See also Sundby v. Landau*, No. 3:25-CV-668-WQH-BJW, 2026 WL 2041662, at *5 (S.D. Cal. July 14, 2026) (“The assignment of claims appears to be a response to orders by this Court and other district courts in the Ninth Circuit regarding Plaintiff's ability to litigate claims on behalf of the Trust rather than a

constructive attempt to facilitate the resolution of this action."). Accordingly, the Assignment—insofar as it was made to avoid this Court's legal representation requirement—did not effectively transfer ownership of the claims to the Sundbys. The Court does not find that it committed legal error or mistake in reaching this conclusion.

Plaintiffs argue that the "controlling question" in this case is "whether California law permits the transfer of foreclosure-related causes of action." ECF No. 185, at 16. The Court acknowledges that California law states that "a thing in action, arising out of the violation of a right of property, . . . may be transferred by the owner." Cal. Civ. Cod § 954; *see also Stonehill*, 83 F.3d 1156, 1159. However, the Court finds that the true controlling question in this case, when considering whether the Sundbys should be granted leave to amend their complaint, is whether the Sundbys can allege any facts showing that the Trust's causes of action actually were transferred or assigned to the Sundbys.

The Court concludes, again, that the Sundbys have not alleged any facts in their FAC showing that Trust effectively transferred its causes of action to the Sundbys. Further, when considering the quitclaim and assignment documents and arguments put at issue by the Sundbys themselves, the Court finds that the Sundbys could not amend their complaint to allege any such facts. Neither the February 2023 quitclaim nor the subsequent assignment of claims effectively transferred the right to pursue the foreclosure-related claims from the Trust to the Sundbys as individuals. Plaintiffs' reliance on *Stonehill* and § 954 do not demonstrate that the Court made a mistake or committed legal error in reaching its conclusion that dismissal without leave to amend was appropriate.

**II. Rule 17 Relief**

The Sundbys argue that, if the Court finds that the Sundbys did not and cannot allege facts showing that the Sundbys are the real parties in interest, then the Court should allow for substitution under Rule 17. The Court has already considered this

argument in its previous order. The Sundbys are not entitled to Rule 17(a) relief at this juncture.

Rule 17 provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3).

However, the Ninth Circuit has made clear that "[t]he purpose of this portion of Rule 17(a) is to prevent forfeiture of an action when determination of the right party to sue is difficult or when an understandable mistake has been made." *United States v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989) (citing Note of Advisory Committee on 1966 Amendment to Fed. R. Civ. P. 17; 6 C. Wright and A. Miller, *Federal Practice and Procedure,* § 1555 (1971)); *see also Dunmore v. United States*, 358 F.3d 1107, 1112–13 (9th Cir. 2004).

To understand Rule 17's application to this case, the Court finds that a bit of background is required. In September 2022, in one of Mr. Sundby's other cases before this Court, the Ninth Circuit held that Mr. Sundby could not represent the interest of the Trust pro se. *Sundby v. Marquee Funding Grp., Inc.*, No. 21-55504, 2022 WL 4826445 (9th Cir. Oct. 3, 2022). On February 21, 2023, in what appeared to be a response to the Ninth Circuit's order, the Trust executed a quitclaim deed transferring its interest in the Property to the Sundbys in their individual capacities. ECF No. 50, at 4.

On March 14, 2025, Judge Scarsi in the Central District of California found that the Sundbys, in their individual capacities, were not the real parties in interest with standing to bring their foreclosure-related claims. *Sundby v. Landau*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 1090165 (C.D. Cal. Mar. 14, 2025), *reconsideration denied*, 2:24-CV-07276-MCS-BFM, 2025 WL 2374824 (C.D. Cal. May 19, 2025), and *reconsideration denied*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 2374825 (C.D. Cal. July 2, 2025), and *aff'd*, No. 25-4180, 2026 WL 473936 (9th

Cir. Feb. 19, 2026). Subsequently, on November 12, 2025, the Sundby Trust executed the Assignment of Claims and Ratification discussed herein. ECF No. 114, at 7–11. This Court, and others, have found the assignment to be yet another response to the Ninth Circuit's demand that the Trust retain counsel to pursue its claims. ECF No. 182, at 15–18; *Sundby v. Landau*, 2026 WL 2041662, at *5.

On the same day the Trust executed the purported assignment, the Sundbys sought to amend their complaint in this case to remove them as plaintiffs in their capacities as trustees and continue only in their individual capacities. ECF No. 114.

The Court outlines the above to demonstrate that the omission of the Trust—which the Court finds to be the real party in interest in this case—as a plaintiff in this case was not an "understandable mistake." *United States v. CMA, Inc.*, 890 F.2d at 1074. Rather, the Sundbys "were aware that [the trust] was the real party in interest. Thus, there was no difficulty and no mistake in determining who was the proper party to bring suit." *Id.* at 1075. Indeed, the Sundbys' removal of the Trust from this case was a piece of "deliberate tactical maneuvering" by the Sundbys to circumvent the Ninth Circuit's representation requirement. *Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir. 2004). *See also Williams v. Am. Fam. Mut. Ins. Co.*, No. 19-CV-02694-REB-NRN, 2021 WL 1192947, at *3–*4 (D. Colo. Mar. 30, 2021) (finding Rule 17 relief inappropriate where omission of the real party in interest was not an honest mistake and prejudiced defendant).

Accordingly, the Court finds that it did not commit legal error by concluding that this is not the type of circumstance where Rule 17 relief is required. The real party in interest—the Trust—was initially a party to this case. The Trust was subsequently removed by the Sundbys as a piece of tactical maneuvering to avoid a representation requirement. The Sundbys now seek to substitute a party which they intentionally removed from these claims in an attempt to circumvent court orders. This is not the type of "understandable mistake" contemplated by Rule 17.

//

**III. Dismissal of All Defendants**

The Court found dismissal to be appropriate because the Sundbys lacked constitutional standing and were not the real parties in interest. Thus, the Court found dismissal appropriate under Rule 12(b)(1) and 12(b)(6). The Court noted that the issues underlying either the 12(b)(1) or 12(b)(6) dismissal applied to the Sundbys' capacity to bring the claims in this case against all of the Defendants, not just those party to the motion then before it.

A court may "dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981). This is the case here, and the Court did not commit legal error in dismissing the case as to all Defendants.

**IV. Prejudice**

The Sundbys next argue that this Court's dismissal should have been without prejudice. The Court agrees.

"Dismissals for lack of subject-matter jurisdiction . . . must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case." *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017). In finding that the Sundbys alleged no facts demonstrating Article III standing, the Court found that it lacked subject matter jurisdiction over the claims. Thus, the 12(b)(1) dismissal should have been without prejudice.

The Court therefore grants the Sundbys' Rule 60(b)(1) motion for reconsideration only as to this issue. The Court AMENDS its previous order and revises the dismissal of this case from with prejudice to without prejudice.

However, the Court still finds that the Sundbys could allege no additional facts showing that they, in their individual capacities, have standing to bring the wrongful foreclosure claims. *See Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). ("[A] district court does not err in denying leave to amend

where the amendment would be futile."). Accordingly, the Sundbys' claims are dismissed without prejudice and without leave to amend.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS the motion for reconsideration only insofar as it challenges this Court's dismissal of the Sundbys' claims with prejudice. The Court AMENDS its previous Order, ECF No. 182, to reflect that the Sundbys' claims are dismissed without prejudice and without leave to amend.

The Court DENIES the motion for reconsideration in all other respects.

IT IS SO ORDERED.

Dated: September 10, 2026

Hon. Gonzalo P. Curiel
United States District Judge